Tavior, Chief-Justice,
 

 delivered the opinion of the Court:
 

 The brothers and sister of the half blood of the maternal side to William Salter, who died intestate, have filed this petition by their guardian, to obtain an account and distribution of that part of the intestate’s personal estate, which he acquired under the will of his father, Richard Salter. The three children of the testator survived him, and after-wards, Mary died under age and without issue, leaving of the whole blood, her brother William and her sister
 
 Sarah;
 
 and of the half blood, Alexander and John, her brothers, and Eliza her sister, surviving: Then William died under
 
 *23
 
 age, and without issue, leaving the preceding brothers and sisters surviving.
 

 It may be conjectured, that the testator meant to confine his bounty to his three children and their descendants, if they should have any : And that upon the death of two under age and without children, the whole of the negroes should belong to the surviving brother and sister : That while any one of his children was alive, no other collateral relation of those who were dead should share with the survivor
 
 •,
 
 and leást of all, could the testator contemplate that the children of his widow by a future husband should be entitled to share with the surviving child. If a Court were at liberty to judge of the testator’s intention, deduced from circumstances out of the will, and by giving to words in the will a construction in opposition to that which has been affixed to them by a series of decided cases, the considerations which have been mentioned, might probably in this, as well as in other instances, meet the justice of the case : but then it would put an end to the certainty of the law and the security of property. For while Judges may find out by industry the rules of interpretation established by law, their speculations, as to the intent of the testator, may differ ; no legal opinion could be given on a will, by which so much litigation is now prevented ; and it would be impossible to pronounce who was the owner of property claimed under a will, until the decision of this Court could be had on the question. A state of tilings so pregnant with mischief ought to be carefully avoided by a Court established for the purpose of testing by legal principles the adjudications of other tribunals : Yet it would be difficult to state a case, in which a decision for one party would be in resistance to a stronger current of authorities than would be a decision for the defendant in this case.
 

 The rule is, that where legacies are given to three or more persons as tenants in common, with a bequest to the survivors upon the death of any of them within a given period, the original legacies only, and not those shares
 
 *24
 
 which accrued by survivorship, will survive
 
 ;
 
 because stlC*1 accrue^ shares, vesting' in the surviving legatees in distinct proportions, qroper words are necessary to make these shares survive with the others. This had been decided in relation to real property in Woodward
 
 vs.
 
 Glascock,
 
 *
 
 and in chattels, in Rutge
 
 vs.
 
 Bunker,
 
 †
 
 and Perkins
 
 vs.
 
 Micklethwaite.
 
 ‡
 
 The reason of these determinations is, that the share accruing by survivorship vests in the surviving children by distinct shares, and not in them as joint tenants. In the case before us, the surviving share is directed to be divided between the other two children
 
 ;
 
 and in Rutgc
 
 vs.
 
 Bunker, the Master of the Rolls says, “ share and share alike” are equivalent to the words
 
 “
 
 equally to he divided.” In the case
 
 ex parte
 
 West,
 
 §
 
 before Lord Thurlow, the words of the will were
 
 “
 
 I leave
 
 “
 
 to A. B. C. sons of Arthur Scaife 1000Z. each, the in«terest to be added to the principal yearly, until they
 
 “
 
 shall respectively attain the age of twenty-one years : “ and in case any of them shall die before that age, then
 
 “
 
 to the survivors.” A. died, and then B. both under the age of twenty-one. The question was, whether that part of the share of A. which survived to B. upon the death of A. survived afterwards to C. upon the death of B ? Or whether B’s original share only survived ? The Judge thought it a natural construction, that the word
 
 “
 
 share” in the case cited, Rutge
 
 vs.
 
 Bunker, would take in the survived part as well as the original share
 
 ;
 
 and consequently, the whole ought to survive: but he could not so decide without contradicting cases expressly in point j and, not being able to distinguish the case before him, he decreed that the survived part did not survive: expressing, at the same time, a wish to reconsider his opinion. In consequence of what fell from him, the same case was afterwards brought on before the Master of the Rolls, Lord Kenyon, whose decree corresponded with the former
 
 *25
 
 ones. From a belief that an adherence to the role generally disappointed the intention of testators, one case which, at first view, would seem to come within it, has been excepted from it, by reason of the peculiar penning of the will ,* hut Lord Hardwicke, who made the decision, recognised the rule itself in the fullest manner— The material words of the will were, “ Í give the residue “ of my personal estate to my brother and sisters, Charles,
 
 “
 
 Mary and Elizabeth, and the sisters of my late wife, “ Martha and Rebecca Paine, to be .equally divided “ among them, share and share alike j and in case of the
 
 “
 
 death of my brother or any of my sisters, or wife’s sis-
 
 se
 
 ters, before me, or the survivor of my father and mo- “ ther, I do appoint his,
 
 her
 
 or
 
 their
 
 shares to be divided
 
 “
 
 among the survivors of them.” Charles died in the testator’s lifetime, but after the making of the will: Mary and Elizabeth, the testator’s sisters, died in the life-time of the testator’s mother, who survived her husband, but was then dead — The bill was brought by Martha and Rebecca Paine for the residue of the, estate — It was decided that the accumulated shares of the persons who were dead, survived as well as the original ones
 
 ;
 
 and the course of reasoning employed was, that there was an express direction that if any should die before the testator, his or her share should survive to the others
 
 ;
 
 and the share of the one dying before the testator, would not have survived at all, but for this clause ; it would have been an undisposed part of the testator’s estate — Then if another had died in the testator’s life-time, the orignal fifth of him who died second, as well as the share which survived to him on the death of the first, would have gone over likewise — Therefore the testator meant that the accumulated as well as the original share should survive, and a different construction cannot be put on the word share in one case than in the other
 
 *
 
 — It must be acknowledged, that the reasoning in
 
 *26
 
 Paine
 
 v.
 
 Benson went very close to the wind to steer clear a ru^e was thought to militate against the testator’s intention 5 but admitting the case to be well decided, Cw^°h was subsequently doubted by Lord Thurlow in the case of West,
 
 ex
 
 parte) yet it is not an authority for the Defendant in the case before us, in which the foundation is wanting on which the Chancellor built the whole of his reasoning. For if either of the children had died before the testator, the share given to him or her would have lapsed
 
 •,
 
 and the case cited turned upon the necessity of giving to the word
 
 “
 
 share,” the same meaning when applied to the accumulated share, which it had when applied to the original one.
 

 The only distinct exception to the rule is, where the fund is left as an aggregate one, and made divisible among many persons as legatees, with benefit of survivorship among them.
 
 *
 
 The Judge, in giving his opinion, relies upon
 
 Ilutge
 
 v.
 
 Bunker
 
 to shew that the rule was not thought to apply to an aggregate fund
 
 ;
 
 and deduces from the will, proofs from particular expressions, that the testator meant to keep it as an aggregate fund. Having examined all the cases relative to this question, with attention, we are
 
 bound
 
 to decide that the petitioners are entitled to divide with the defendants that share which William acquired by the death of Mary.
 

 *
 

 2 Vern. 388.
 

 †
 

 Forrester 124.
 

 ‡
 

 1P. Wins, 274.
 

 §
 

 1 Bro.c. c.
 
 575.
 

 *
 

 Paine
 
 v.
 
 Benson, 3 Atk.
 
 78.
 

 *
 

 Worlidge
 
 v.
 
 Churchill, 3 Bro. C. C. 465.