Battle, J.,
 

 after staling the case as above, proceeded : — We are called upon to decide upon the questions presented by the pleadings, without the aid of an argument. It is possible that, under such circumstances, we may have mistaken what the testator intended should be done with the personal estate in the events which have happened. The will is not very perspicuous, and some of the sections appear, at first view, to be contradictory to others. But applying to it those rules which have long been established for the construction of instruments of this kind, we think that we can approximate to, if we do not exactly fix upon, the wishes of the testator.
 

 All admit that the fundamental rule in the construction of wills is to ascertain the intention of the maker ; and for that purpose, .all the parts of the will are to be taken in view, and effect is to be given as far as possible to every clause. What is wanting or obscure in one section or paragraph, is to be supplied by what is clearly expressed in another, so as to give to the whole instrument a uniform, consistent interpretation throughout all its parts. Thus, where the testator in the will before us directs, in one section, as follows,
 
 “
 
 at the marriage or death of my wife all the property I have willed to her, with all the negroes, be divided between all my children who are now at home,” &c., without giving
 
 *125
 
 her any share thereof, it is evident that he was thinking only of a •division to be made at her death ; but that cannot defeat the clear and express provision made in a previous clause, that if she married, she was to have a child’s part. We hold, therefore, that she is entitled to a child’s part of the fund, after deducting six hundred dollars for Rachel, as hereinafter expressed; that is, to one tenth part thereof, there having been nine children, including Rachel Goss, who were living at the testator’s death. We can see no pretence for her claim to the original shares which, upon the death of some of the children who lived at home, went to the survivors ; but she is clearly entitled as one of the next of kin of her deceased children, to a share of the accrued shares of those who died after the
 
 firs
 
 t—McKay v.
 
 Hendon,
 
 3 Mur. Rep. 21; 1 Jarman on Wills, 620, and the cases there cited.
 

 There is more difficulty in deciding upon the claim of Rachel Goss. The testator seemed to think that her grandfather would provide for her to some extent; and he intended that what he himself might give her should depend upon that provision. But he clearly fixed upon an event which was to be the period when the division between his widow and the children should take place ; and we cannot find a sufficient indication in the will, that he wished such division to be postponed for a longer period, to await the uncertainty of the grandfather’s providing for Rachel. He doubtless drought the old man w.ould die and leave something to his grandaughtcr, before his wife should either marry or die. In this he was mistaken, and he has not provided against the mis* take. We hofd, therefore, that the marriage of the widow was the time for the division, and that Rachel, not having received any thing from her grandfather, is entitled in the first place to six hundred dolíais, in order to make her equal with her four sisters, and then she is entitled to a child’s share of the whole remaining fund. She was not living at home, and cannot claim any of the original shares of the deceased children j but she is entitled, as one of the next of kin of her deceased brothers and sisters, to a share of the accrued shares of those Who died after the first.
 

 All the other children who are living, and the representatives of those who are dead, are entitled each to one tenth part of the whole fund, after deducting therefrom the six hundred dollars for
 
 *126
 
 Rachel. That sum is to be deducted before the division in order to effectuate the manifest intention of the testator, to make the division of his personal property equal among his widow and all liis children, in the events which have occurred — the seven hundred dollars given to each of his daughters, being in lieu of a provision in land, such as he had made to his sons.
 

 All the children, other than Rachel, who are living, are entitled to the original shares of those who are dead, and to their respective parts of the accrued shares as next of kin, as specified above, in relation to the widow and Rachel.
 

 In this opinion we have treated all the legacies as vested, as the parties seem to have done. We think, that upon a proper construction of the whole will, they aib so vested, though the division is directed to be made
 
 at
 
 the marriage of the widow. The words
 
 when, if
 
 or
 
 at,
 
 applied to a legacy generally, makes it contingent, “unless there be some other expression to explain them, or some provision in the context to control them.” We think there are many expressions in this will to control the meaning of the word
 
 at.
 
 The property is given to the wife during her life or widowhood. At her death or marriage, it was to be divided between her and her children. The shares of the children were, therefore, vested remainders, to be enjoyed in possession upon either of the events which might determine the particular estate. See
 
 Guyther
 
 v.
 
 Taylor,
 
 3 Ire. Eq. Rep. 323.
 

 ' It must be referred to the clerk to take all proper accounts, &c. In the final division which is to be made, according to the principles expressed in this opinion, the. defendant, Peter F. Owen, is to be charged with the price of'the negro sold by him, with interest thereon from the time he received the money. All the costs will be paid out of the fund.
 

 Per Curiam. Decree accordingly.