---

(38 Misc. Rep. 617.)

**In re CLARK et al.**

(Surrogate's Court, Queens County. September, 1902.)

1. WILL—CONSTRUCTION—VESTED INTEREST.

Testatrix, after devising her residuary estate equally to her children, directed that, if a child died during minority and without descendants, its share should pass to the surviving children and to the descendants of those who died leaving descendants; and died leaving three children. Of these two died intestate and unmarried. *Held,* that the interest in the estate which passed from the first of such children dying to the other child, who subsequently died, vested absolutely in him, and was not subject to any further devolution under the will; such child taking directly from his mother, and not from his brother, who died before him.

In the matter of the settlement of the accounts of Charles S. Clark and others, executors of Mary A. Clark. Objections to account overruled.

Robert Seabury, for petitioner.
Monfort & Faber, for F. P. J. Clark.
P. Van Alstine, for C. S. Clark.
Daly, Hoyt & Mason, for A. H. Westervelt and S. W. Clark.

NOBLE, S. Objections are filed to this account by Charles S. Clark, the husband of the deceased, and by Annie H. Westervelt and Sophronia W. Clark, who are assignees of one-half interest in a certain bond and mortgage made by Charles S. Clark to Daniel D. Westervelt and Jesse Hoyt for the sum of $2,267.20, dated January 26, 1896. These objections arise out of what is claimed by both objecting parties as an erroneous conception on the part of the accounting executors of the intent of the testatrix in disposing of her property, as expressed in the eighth and ninth clauses of her will, which clauses read as follows:

"Eighth. All the rest, residue, and remainder of my estate, real and personal, I give, devise, and bequeath unto my children in equal shares and portions; to have and to hold the same unto them, their heirs and assigns forever. Ninth. Whenever in this, my will, I have made a bequest and devise unto my children, the bequest and devise in each case is to apply to all children I may have at the time of my decease. And in case any or either of my children shall die before arriving at lawful age, leaving no child or descendant him or her surviving, then the shares or portions herein given to such child shall go to my surviving child or children and the descendants of such as may have died leaving such descendants; such descendants to take the share their parent would have taken if living."

It will be seen that the testatrix, by the eighth clause of her will, devises and bequeaths the rest, residue, and remainder of her estate, real and personal, in equal shares or portions in fee-simple absolute. But the ninth clause qualifies this devise, for the reason that the testatrix provides that, if any or either of her children die before arriving at lawful age, leaving no child or descendant, then the shares or portions herein given to such child shall go to her surviving child or children and the descendants of such as shall have died leaving such descendants. This provision is a contingent limitation, and operates, on the death of any of the beneficiaries and devisees, to reduce the fee given in the eighth clause to a life estate when the beneficiary and devisee dies under lawful age and without descendants. Testatrix left, her surviving, three children, Frederick P. J. Clark, Albert, and George. George died under age, intestate and unmarried, on the 3d day of March, 1888; and Albert died, under age, intestate and unmarried, on the 5th day of March, 1888. Frederick P. J. Clark is the only surviving child of testatrix, and of lawful age, and is the only surviving devisee under the eighth and ninth clauses of his mother's will, and claims that he is entitled to the entire residuum of his mother's estate devised in such clauses. On a prior accounting this claim seems to have been recognized, and on this accounting the executors pray for a decree distributing the entire estate according to the theory that Frederick P. J. Clark, the only

surviving son of testatrix, is entitled to the entire residuary estate of deceased, as the only survivor of all her children. This theory of distribution and claim of Frederick P. J. Clark, Charles Sidney Clark, the father, takes exception to, and objects to the account as rendered, and to the distribution as prayed for, in which he is joined by the other objectors, above named, claiming that he is entitled, as heir at law of his son Albert J., deceased, to one-sixth part of the funds of the estate of Mary A. Clark, deceased, now in the hands of her executors, and which they seek to distribute as aforesaid.

To determine any rights that such objectors may have it is necessary to construe the will of deceased. To do this we must find the intention of the testatrix from the words which she used in her will. The question before the court is not what should the testatrix have meant to do, or what words did she mean to use, but what did she mean by words which she has actually used? In other words, speculation as to what the decedent's intention really was cannot be permitted, for the court cannot make a will for the testatrix, nor improve upon the will the testatrix actually made. Very little is found in those provisions preceding the eighth and ninth clauses of her will which would enlighten us any further than if we only perused those sections. In the eighth clause she devises her residuary estate in equal shares between her children in fee-simple absolute. In the ninth she qualifies this devise by inserting the provision that, in the event any of her children die before arriving at lawful age, and leaving no descendants, then his or their share herein given (meaning the share given in the eighth clause) shall go to the survivors or survivor. Counsel for the surviving child contends that the language of the ninth clause of the will is sufficient to retain an accrued interest; that is, that the share of George, the first son to die, did not vest absolutely in Albert, but was subject on his death to further devolution, and his share (Albert's share) vested, by virtue of the language in this clause, in Frederick P. J., the only survivor having attained lawful age. The provisions of the ninth clause are plain and unequivocal,—the share or portion herein to go to such child shall go to the surviving child or children. By the strict import of the language, therefore, it is the proper share of any child dying which goes to the survivor; and, the second death happening, it again is that share which goes to the sole survivor. Nothing is said respecting the devolution of an interest which might accrue by the death of one of the devisees without leaving descendants and under lawful age. Therefore I think the true import of the language of the ninth clause will not retain an accrued interest arising upon the death of any of testatrix's children below lawful age, and without descendants. There is nothing in the terms to show that an accrued interest should not vest absolutely in the survivor or survivors. My conclusion upon this feature of the case is that upon the death of George one-half of his proper share accrued to Albert, which was subject to no further devolution, and vested in him absolutely.

The next question to be determined is, did this share which accrued to Albert on the death of his brother George come to him on the part of his mother, or did it descend to Albert, by some peculiar pro-

vision of the will, from his brother George? How Albert could take from his brother George I cannot understand, nor is it conceivable, for George was not possessed of anything more than a determinable fee, which, when he died below lawful age, without descendants, became subject again to the operation of his mother's will, and by that instrument his share was disposed of and devolved upon his surviving brothers. When George died, nothing of the estate of his mother survived to his heirs or personal representatives, for she had limited the possession of the estate to a time when he should be of lawful age, or have a descendant. None of these events has happened. Therefore the contention on the part of counsel for the surviving son, so severely criticised by counsel for one of the objectors, that George Clark received a fee under his mother's will, which was thereafter reduced to a life estate by his death under age without issue, is not an entire novelty, nor is the statement of such a proposition an absurdity. For, though it is well settled that devises as limited by the ninth clause of this will vest the fee in the devisee, and only postpone the period of possession, what of the alternative position, if the devisee died leaving no descendant, and died under lawful age, that his portion shall descend to his brothers or the survivors of them? Is this not a remainder depending upon the contingency of the first devisee dying before attaining lawful age and without descendants, and does this not reduce the fee of the first devisee to a life estate? It certainly is a remainder over, to take effect on the contingency happening as pointed out in the will, and on these contingencies happening the first devisee is devested of any estate he had, and the estate he had enjoyed was a life estate. My conclusion on this feature of the case is that on the death of George the remainder of his share was vested absolutely in the surviving brothers, Albert and Frederick P. J., who took, not from George, but from the testatrix, their mother, by virtue of the devise in the eighth and ninth clauses of the will.

The only other question to determine is, what does the father, Charles S. Clark, take as the heir at law of his son Albert? This is clearly pointed out by the statute of descent. Since the property came to Albert on the part of his deceased mother, the statute provides that, if he died intestate, his father shall be entitled to a life estate in his property, and remainder over to his brother.

The objection to the jurisdiction of the court to construe the will on this accounting is dismissed. Distribution is to be made as indicated above. Decreed accordingly.