CLARK, C. J., concurring; HOKE, J., concurs in opinion of CLARK, C. J.
This proceeding is brought to sell a certain lot of land in the city of Charlotte and to determine the proper disposition of the proceeds. The property has been sold and the proceeds are in custodia legis. The court,Long, J., entered a decree disposing of the same, from which H. C. Jones, guardian ad litem to the unborn children of William R. Johnston, appealed.
The admitted facts appear to be that Col. William Johnston died in 1896 seized in fee of extensive real estate holding in *Page 524 
the city of Charlotte. His surviving children, devisees under his will, were Mrs. Julia M. Andrews, Mrs. Cora J. Robertson, Franklin G. Johnston, and the appellee, William R. Johnston. All are dead except William R. Johnson, who is unmarried, and without children. Franklin G. Johnston was the last to die, and left no children. He died intestate seized of the lot sold under his father's will. The will contained this clause:
"5. In the event of the death of either of my children without leaving a child or children surviving, his or her portion is to be equally divided between those surviving; and upon the death of any one of my children leaving a child or children surviving, his or her portion of my estate shall be divided among the issue of such deceased child, such division to be made per stripes, each of my children being allowed to hold and enjoy his or her portion of my estate during his or her life."
The Superior Court adjudged that William R. Johnston was entitled to one-third of the proceeds of the sale absolutely, and that any child he may leave surviving him can have no interest in them.
It is manifest that the testator intended, and so expressed his intention, that the share of his estate derived by each of his children under his will should go to the ultimate survivor as between themselves in case any one of them died without surviving children. Franklin G. Johnston died intestate leaving no children, having never married. The only survivor of the four children of the testator is William R. Johnston. Consequently, he took the entire estate of his brother, which had been devised to him by their father. Then the survivorship stops as to such estate of Franklin G. Johnston upon the principle that a portion going over to a survivor upon the death of the primary devisee vests absolutely in the survivor, and is no longer subject to the original limitation of the will. While the estate of William R. Johnston directly derived under his father's will is subject to such limitation, that which he received from his brother by survivorship ceases to be.
The rule seems to be generally recognized by courts as well as text-writers that, where under a will it is provided that upon the death without issue of the first taker, his devise shall go to the survivor of the class, upon the happening of such contingency the share going over vests absolutely in the survivor. That is to say, "A share having once survived vests absolutely."
It seems that this doctrine was at one time in dispute and LordHardwicke, in Pain v. Benson, 3 Atk., 78, held to the contrary; but it is now well established, both in this country and England. 3 Jarman on Wills, p. 560; 40 Cyc., 1513; 30 A. E., 810; Woodard v. Glasscock, 2 Vernon, 388; Perkins v. Micklethwaite, 1 P. Wms., 274. *Page 525 
In Underwood on Wills, sec. 582, the author gives a clear statement of the law: (494)
"In an early case it was held that where the testator gives a fund to several as tenants in common, whether as a class or as individuals, with a limitation to survivors upon the death of any of them unmarried or during minority, and one dies, his share goes to those who survive him, and if afterwards another dies, only the latter's original share goes to those who survive him, but not the interest which accrued to him; for that, says the Court, is a new legacy, and having vested, devolves upon his personal representatives. This rule is applicable when the will is silent. And the fact that the testator directs that the share of any legatee dying shall go to the survivors will not carry his accruing share. The word `share' will conclusively be presumed to refer only to his original share, and not to any interest which may have been gained by him by reason of survivorship. The same rule applies where the testator employs the term `portion.' Thus, where a fund was to be divided among the children of A., to be paid to each one on majority or marriage, and in case any one should die before his or her `portion' should become payable, then to the survivors, the share which accrues before the date of payment does not pass with the original shares of the surviving child or children . . . In the absence of a very clear expression of intention, it is settled that limitations or qualifications which are attached to the original shares do not attach to accruing shares. Thus, though the original shares are given for life only, a gift of the shares accruing by survivorship, in indeterminate language may carry them absolutely. So, where an original share is limited over to survivors on the death of the primary legatee without issue, and the accruing shares are given generally, the accruing shares do not go over on death without issue, but the survivor takes absolutely an indefeasible interest, and on his death without issue the interest which accrued to him by survivorship goes to his representatives."
The adjudications of this Court fully sustain the rule that a share having once survived, vests absolutely.
In the case of McKay v. Hendon, 7 N.C. 21, testator bequeathed to his three children, W., M., and S., certain slaves, to be divided when they became of age, and provided "that if either of said children should die under age, without heirs, then that share should be divided between the other two children." M. did under age without issue. W. then died without issue, leaving S. surviving and some brothers of the half blood.
It was held that the part of M.'s share which accrued to W. upon her death did not survive to S., but went to W.'s next of kin. *Page 526 
In this case the Court, Taylor, C. J., said: "The rule is that where legacies are given to three or more persons as tenants in common, (495) with a bequest to the survivors upon the death of any of them within a given period, the original legacies only and not those shares which accrued by survivorship, will survive; because such accrued shares, vesting the surviving legatee in distinct proportions, proper words are necessary to make these shares survive with the others." The old English case of Paine v. Benton, 3 Atk., 78, was cited and distinguished and its doctrine disapproved, and has been subsequently overruled by the later English cases.
The foregoing case has never been questioned or overruled in this State, but has been followed and cited with approval.
In Owen v. Owen, 45 N.C. 121, testator made a bequest to nine children, with a proviso that if any of them should die without lawful issue of their body then surviving, their part should be equally divided among the other children. Several died without issue, in succession.
It was held that only the original shares passed by the will to the survivors, and that the shares accruing to them by the deaths of their brothers and sisters became their absolute property. The case of McKay v.Hendon, supra, was cited and approved.
In Mayhew v. Davidson, 62 N.C. 47, property was devised to four children in trust for life, the shares of each to go his children, but if one or more should die without issue, "the property is to return to his, her, or their brothers and sisters."
It was held that the property to which one of the children became entitled as survivor was not subject to the original limitations, but vested absolutely.
The adjudications of other State Courts are in line with ours.
In Marshall v. Safe Dep. Co., 101 Md. 1, Chief Justice McSherry of the Court of Appeals of Maryland discusses the subject very elaborately and holds that a share having once survived vests absolutely.
In Boggs v. Boggs, 69 N.J. Eq. 497 Chancellor Magie of New Jersey discusses the question at length, and so does Chief Justice Hornblower inSedel v. Wills, 20 N.J. L., 22, and both recognize and apply the doctrine.
The following cases also fully sustain the rule: Gorham v. Betts, 9 Ky. L., 607; In re Clark, 78 N.Y. Supp., 108; McGee v. Hall, 26 S.C. 179;Reams v. Spann, 26 S.C. 561; Lewis v. Claiborne, 13 Tenn. 369; Henley v.Robb, 86 Tenn. 474.
We find no cases to the contrary, but all without exception hold that in the absence of a clearly expressed intention to the contrary, a share having once gone over under a clause of survivorship, vests absolutely *Page 527 
in the survivor, and such accrued share is no longer subject to the original limitations.
There is nothing in the will of Colonel Johnston that exempts (496) the shares or portions devised to his children from the operation of this rule.
Therefore we hold that upon the death of Franklin G. Johnston without children, the whole of the property devised to him vested absolutely in W. R. Johnston.
The latter seems to be content with one-third of it and submitted to the judgment of the Superior Court without appeal, which adjudges him to be the owner of one-third absolutely.
Affirmed.