Nash, J.
 

 Abraham Wharton died in 1809, leaving surviving him, his widow, Sarah Wharton, and five children, namely, David and Elizabeth, the wife of John Dudley, who are defendants: and John, Sarah, and Cassandra, all of whom died intestate, and without issue, in the lifetime of the widow. The plaintiff, Brinson, is the administrator of John and Sarah; and the plaintiff, Mason, is the administrator of Cassandra. Abraham Wharton left a nuncupa-tive will, which was duly proven ; and the widow, Sarah Wharton, qualified as executrix, took into her possession the personal estate, consisting of slaves, stock, &c., and kept the slaves and some few articles of the other property, until her death.
 

 The will contains this clause: “ And then his. will and desire was, that his beloved wife, Sarah Wharton, should
 
 *81
 
 keep his children, and all the residue of his property,1 both real and personal, during her widowhood : and when the said Sarah Wharton marries, then the will and desire of the said Abraham Wharton was, that all the remaining property, both real and personal, shall be equally divided between his children and beloved wife, share and share alike.” Sarah Wharton, the widow, did not marry again, and died in 1847 ; whereupon the defendant, David Wharton, took out letters of administration
 
 de bonis
 
 non, upon the estate of his father. And he and the defendant, Dudley, in right of his wife, Elizabeth, claim all of the slaves and their increase, and the other chattels remaining on hand at the death of the widow, on the ground that they are the only children living at her death. The plaintiffs, who represent the three deceased children, insist upon having equal shares, on the ground that the legacies vested in the intestates,
 
 the time of enjoyment only being postponed,
 
 and, consequently, was transmitted to the personal representatives.
 

 We think it clear, that the testator intended to give the • property to his wife during her life, and then, to his children, to be equally divided between them, with a proviso, that if his wife should marry, her particular estate in the whole should determine, and she would be entitled to a “ child’s part.” Under this construction, there can be no question, that all of the childi-en, at the death of the testator, took a present estate, to be enjoyed in future, that is, after the determination of the estate given to the wife, subject only to the contingency of letting in the wife, as to one share, if the particular estate determined by her marriage. This contingency, not having happened, is out of the case, and it is the ordinary one of a gift to a widow for life., and .then to the children, to be equally divided. Of
 
 *82
 
 course, the share of each child, upon his death, devolved on the personal representative of such child, and the plaintiffs, representing the three children, who died in the lifetime of the widow, are entitled to an account and to partition.
 

 Per Curiam, Decreed accordingly.