*238
 
 Ruffin, C, J.
 

 Jonathan Frizzle, by his will, dated August 18th, 1843, lent certain slaves and other specific chatties to his wife Ruth for life: and he ordei’ed that three other slaves, and the residue of his property, not lent to his wife, nor given to Edwin Carman in trust for his daughter Ann, should be sold, and the proceeds of the sale, after paying his debts, be lent out, and the interest paid to his wife during her life. Then the will directs, that " all the property lent to my wife, ánd the principal money ” (so lent out), “ after my wife’s death, shall be equally divided between my lawful heirs, except the share, or part, which I have given away in trust for my daughter Ann, and she is not to have any other part or share.” The testatordied in 1844, and his executor, who was one of his sons, proved the will, and delivered to the widow, the slaves and other things given to her specifically, and she kept them during her life. He also sold the residue, and lent out the money, and paid the interest to her during her life. One of the testator’s daughters, Margaret, died intestate in November, 1849, and without having had issue, and the plaintiff administered on her estate: and in the Summer of 1851, the testator’s widow died, and then the executor took the slaves and other property lent to her for life, and sold the same. The bill was then filed against the executor, and the other children of the testator, except the daughter Ann, claiming an aliquot part of the produce of that part of the property, and also of the principal money, arising from the residue, with interest, since the widow’s death, as the share of the daughter Margaret: and the answer insists, that she was not entitled to any share thereof, inasmuch as she died in the lifetime of the widow, and, so, was not an “ heir ” of the testator, at the period for dividing the fund.
 

 It is clear, this was a vested legacy in Margaret, and, therefore, survived to her administrator. If there had been no life estate given to the widow, but simply a direc
 
 *239
 
 tion for a payment to, or an equal division among, the testator’s children at a future period, the legacy to each child would be vested, according to the known distinction between a gift at a certain epoch, or when such an event shall happen, and a direction for payment at that period, or upon that event. But the previous life estate to the wife, and the gift over on her death, taken together, constitute a disposition of the whole fund, and the interest of the second takers, is simply by way of remainder, or rather executory bequest: and “ after,” or “ upon,” the death of the wife, or the like expressions, do not. make a contingency, but merely denote the commencement of the remainder, in point of enjoyment. See the ca'ses collected, 11 Roper, Leg, 392. The limitation here is not to such persons “ as may be my heirs at the death of my wifebut it is to “ my lawful heirs,” simpliciter, and imports, therefore, those who were the heirs at the testator’s death, who took in right then, though they were not to take in possession, until the previous benefit, intended for their mother, should terminate by her death. It must be declared, therefore, that an aliquot part of the fund belonged to each of the testator’s children (excepting only the excluded daughter) as a vested legacy, on the death of the testator, and that such share of Margaret belongs to the plaintiff, as hel-ad ministrator: and the usual enquiries must be directed, for ascertaining it.
 

 Per Curiam. Decree accordingly.