Battle, J.
 

 The only question in the case is, whether the plaintiff’s intestate, Porter R. Moore, took a vested or a con
 
 *379
 
 tingent interest in the residue of the personal property bequeathed to him and others in that clause of his father’s will. In support of the demurrer, the counsel for the defendants, contend that the share given to the testator’s widow was clearly contingent, and argue from that the contingency of the shares limited to the children. The counsel for the plaintiff insist, on the contrary, that the part bequeathed to the widow was not contingent; but if it were, it did not follow, as a necessary consequence, that the parts given to the children, respectively, were also contingent. We agree with the plaintiff’s counsel, that the respective shares of the widow and children, mentioned in the above-mentioned clause, were all vested immediately upon the death of the testator, and that upon a fair construction of the will, the contingency therein mentioned, applied only to the time when each should take his or her share out of the common stock.
 

 It is a well known rule of construction, that if the expressions in a will be ambiguous, and the intention doubtful, the Court leans in favor of holding a. legacy to be vested rather than contingent;
 
 Stuart
 
 v. Bruor, 6 Ves. Jr. 522;
 
 Litwell
 
 v.
 
 Bernard,
 
 Ibid. 522. We hardly deem it necessary to call in aid this rule, in endeavoring to carry out the wishes of the testator in the present will. He clearly gives the fund immediately for the benefit and support of his widow and three of his children. They are to have it in common until certain events shall happen, which would make partition necessary. The widow might marry, or the children might, one after another, come of age, and then she or he “shall receive” her or his distributive share. The very terms used, “ shall receive,” plainly imply that they respectively had vested interests in the property before that time. This construction is, we think, the only fair one which can be put upon the words of the will, without reference to the authority of adjudicated cases; but if any such aid were needed, it may be found in several cases heretofore decided in this Court.
 

 In the case of
 
 Johnson v.
 
 Baker, 3 Murp. Rep. 318, the testator bequeathed as follows: “I give and bequeath to my
 
 *380
 
 said wife, all the property I received with her, to her and her executors and administrators; and the rest of my estate, I also give her, till my son comes of lawful age, when I will that the same shall belong to him, and in the mean time, it is my will and desire,,that he be maintained and educated at a reasonable expense out of my estate, in proportion to the value of all my property and its general profits and income.”
 

 The widow died, leaving her son surviving, and then he died under the age of twenty-one years. The question was whether the legacy was vested or contingent upon the son’s arriving at full age. The Court held that the legacy became vested immediately upon the death of the testator, and that the words “ till his son should come to lawful age, when the property should belong to him,” did not import a contingency, but only denoted the time when the remainder, limited by the will, was to vest in possession, the bequest being considered as made subject to the intermediate estate created out of it, and made an exception to it.
 

 In
 
 Clancy
 
 v.
 
 Dickey,
 
 2 Hawks’ Rep. 498, the will, upon which the question arose, contained the following clause: “ It is my will and desire, that my negroes should be kept together until my children arrive to full age, or marry, and then to be divided between my beloved wife and children, share and share alike, equally,” and “it is my will and desire, that whenever any of my children arrives at full age, or marries, that his, or her, share of my estate be delivered to him, or her, immediately.” The Court held the legacy to the children to be vested during their minority, and not to. depend upon their arriving at full age.
 

 The case of
 
 Guyther
 
 v. Taylor, 3 Ire. Eq. Rep. 323, is an instructive one. A testator, among other bequests, made the following: “ It is my will, that my negroes and stock be kept on the plantation whereon I live, until my son Hinchen attains the age of twenty-one years. Item. I give to my son Joshua, $1000, to be raised from the farm. Item. I give and bequeath to my thrée daughters, Maria A. Gnvther, Harriet Jane Taylor and Charity D. Taylor, and my son Hinchen,
 
 *381
 
 to be equally divided between them, my negroes, when my son Hinchen
 
 arrives
 
 to the age of twenty-one years. Item. It is my will that the residue of my estate, of every description, belong to my son Hinchen Taylor.” Rdffik, C. J., in delivering the opinion of the Court said, that in respect to gifts of personal estate by will, the law is, that the word “ when,” is a word of condition, and imports that the time
 
 when
 
 the legatee is to receive the bounty is of the essence of the donation, unless there be some expression to explain.it or some provision of the context to control it.” lie then went on to state that a direction in the will, making a disposition of the property until the time specified, is such a provision as will control the general rule. So also the expression in the will “ to be equally divided between them,” is equivalent to the expression “ payable,” or “ to be paid,” in explaining the word “ when,” or any other word of condition. The opinion concluded, by declaring that the son and three daughters took vested and equal interests, under the clause in which was contained the bequest of the negroes.
 

 The rules established by these cases, appear to be decisive of the present, and the only case which seems to be in oppo-. sition
 
 to those
 
 rules, is that of
 
 Anderson v. Felton,
 
 1 Ire. Eq. Rep. 55, cited and relied upon by the defendants’ counsel. There, the testator, after giving his manor plantation to his sou, and two other plantations to his four daughters, and providing that all liis lands should be rented, and his negroes hired out until his youngest daughter became fifteen years old, and that his children should be educated and boarded out of the estate, proceeded as follows:
 
 “
 
 I likewise will, that at the time my youngest daughter, Sarah Thatch,
 
 arrives to
 
 the age of fifteen years, all my negroes, money and perishable estate, shall bo divided between all my children. In case any of my children should be married before Sarah Thatch arrives at fifteen years of age, then
 
 my
 
 will is, that his oilier board shall be stopped, and no further charge bo paid for him or her until Sarah Thatch arrives to fifteen, when he or she shall receive his or her proportional part.” The Court
 
 *382
 
 decided that the legacies to the children were not vested, but contingent upon their living to the period when the testator’s youngest daughter should arrive to the age of fifteen 3’ears, or in case of her death, to the time when she would have arrived at that age, had she lived, and that only those of the children who were alive at that period, could take. Upon examining the case, it will be seen that the main ground upon which it was put, was, “ that there were no words of gift of the personalty, except by inference from the direction to divide, and as to the period of division, and consequently of gift., the will uses terms of strict condition, ‘ at the time my daughter Sarah arrives at fifteen,’ and ‘ when he or she shall receive,’ ” &c. The Court also remarked, that the intermediate profits were not given to the children as distinct from the capital, nor for the purpose of maintenance; that the maintenance was merely a charge, which might consume the profits, or it might greatly exceed it, and in that case, the capital most supply the deficiency; that besides, the maintenance was to cease upon the marriage of a child before the division. The Court, therefore, said, “The provision for maintenance, will not bring the case within that exception to the general principle, which is founded on a gift of the intermediate interest or profit, to the same legatee, to whom the future legacy of the capital is given. That does not apply, if the maintenance is not to absorb the whole amount of profits, or if it be not restricted to that as the only fund:
 
 Pulsford
 
 v.
 
 Hunter,
 
 3 Bro. Ch. Ca. 416;
 
 Hanson
 
 v. Graham, 6 Ves. Jr., 249; 1 Rep. on Leg. 497.”
 

 Thus explained, the case is not at all inconsistent with the others to which we have referred, and presents no obstacle in the way of our conclusion, that, in the present case, the legacy to the widow and children became vested in them, as tenants in common, immediately upon the death of the testator.
 

 The demurrer must bo overruled with costs, and the cause must he remitted to the Court below, in order that the defendants may put in answers.
 

 Pee Cuexam, Decree accordingly.