S. A. HARRIS v. KATE RUSSELL.

(Decided May 2, 1899).

*Marriage Settlement—Life Estate—Vested Remainder.*

1. In a marriage settlement, it was provided that the intended wife, in the event of survivorship, should be entitled to a city lot in Charlotte, belonging to the intended husband, to be enjoyed during her life, and at her death, the property to descend to his heirs at law. The marriage took place and she survived him. Held, that the remainder subject to the widow's life estate, vested at his death, in his heir at law, a son by a previous marriage.

2. Upon the death of an intestate ancestor, the title to his estate descends and vests at once in his heirs; it cannot stand in abeyance, and vest in future, like an executory devise.

CONTROVERSY, without action, under The Code, Section 567, submitted to *Coble, J.,* in the Superior Court of MECKLENBURG County, and decided at Chambers, April 13, 1899, on the following:

AGREED STATEMENT OF FACTS, ETC.

The following are the facts agreed upon between the plaintiff and the defendant in the above entitled cause for the purpose of submitting a controversy without action, as provided for by Section 567 of The Code.

1. That S. A. Harris and E. C. Wharton entered into a marriage contract on the 22nd day of June, 1868, which was duly recorded in the office of the Register of Deeds for Mecklenburg County, State of North Carolina, in Book 7, pages 981 and 982, a copy of which is hereby attached, marked, Ex. "A."

2. That the said contract contains a stipulation that in the event the said E. C. Wharton (who became the wife of said S. A. Harris) survived her husband, "then in that case she should be entitled to the use, possession and enjoyment of the lot now owned by him, situated in said City of Charlotte, on Tryon Street, and known in the plot of said town as lot No. 54, in square No. 8, with all the improvements thereon for and during the term of her natural life, and at her death said real estate to descend to the heirs at law of said party of the first part."

3. That the said S. A. Harris died about the year 1870, leaving him surviving his said wife, E. C. Harris, who is now living; and also, by a former wife, one son, S. A. Harris, Jr., the plaintiff in this action, who was, at the time of the death of his said father and is now, his only heir at law.

4. That on the 24th day of October, 1893, the said E. C. Harris, widow of the said S. A. Harris, conveyed for a valuable consideration, her life time interest and estate in the property described in paragraph 2 of this case, to the said S. A. Harris, the plaintiff in this action.

5. That on the 19th day of August, 1896, the said S. A. Harris, plaintiff, conveyed the said property to Kate Russell, defendant, and she, on said date, executed two notes and a deed of trust on said property to W. C. Maxwell, trustee, to secure to the said Harris the payment of the purchase money; that since said date the defendant has had the use and occupancy of the premises.

6. That since the said date the said Kate Russell has made a payment of $850.00, on the principal of one of the purchase notes.

7. That the said Kate Russell now contends that on account of the clause in the marriage contract between the said S. A. Harris and E. C. Wharton herein above set out

in paragraph 2 of this case, that the said S. A. Harris, plaintiff, cannot make her a good deed to the said property until after the death of the said E. C. Harris, widow as aforesaid; that the said property would not descend and vest in the heirs of the said S. A. Harris until after the death of his widow, the said E. C. Harris, and that it is uncertain whether the said S. A. Harris, plaintiff, will survive the said E. C. Harris, and what heirs would inherit the said property.

8. That the said S. A. Harris, plaintiff, contends that he did, and was able to make the said Kate Russell, defendant, a good indefeasible deed to said property on August 19, 1896, as aforesaid; that upon the death of his said father, the property descended and was vested in him as the only heir at law, subject to the life estate or use and enjoyment of said property during the natural life of the said E. C. Harris, widow, and that having purchased her interest as aforesaid on October 24, 1893, he had a fee simple title, and could and did convey the same to the said Kate Russell.

9. That by reason of the contentions of the defendant mentioned in paragraph 7, of this case, she refuses to pay the balance of the purchase note now past due, until the matter in controversy, as to the title aforesaid, is determined by the Court.

It is agreed that if the Court should be of opinion upon the foregoing facts, that the plaintiff could and did make the defendant good and indefeasible title to said property on August 19, 1896, then judgment should be entered against the defendant for $1,386.67, and interest thereon from the 1st day of April, 1899, the amount of the purchase note now due; but if the Court should be of the contrary opinion, then judgment may be rendered that the plaintiff could not and did not execute to the defendant a good and indefeasible deed, on August 19, 1896, and that a reference shall be had to

determine the amount, if any, that the plaintiff is indebted to the defendant, with leave to both parties to except to the findings of the referee and appeal, as in ordinary cases of reference; and if the Court hold with the defendant, then it shall direct that the deed executed to her by the plaintiff be delivered up to him and cancelled of record; and that the deed of trust and notes executed by the defendant for the benefit of the plaintiff be delivered up to the defendant and cancelled of record.

OSBORNE, MAXWELL & KEERANS,
*Attorneys for Plaintiff.*
BURWELL, WALKER & CANSLER,
*Attorneys for Defendant.*

S. A. Harris, after being duly sworn, says:

That he is the plaintiff in the foregoing action, and that the controversy presented by the facts set forth above is real and the proceedings are in good faith to determine the rights of the parties to said action. S. A. HARRIS.

Sworn to and subscribed before me this the 13th day of April, 1899.

Witness my hand and official seal.

JAS. A. BELL,
*Notary Public of Mecklenburg County, N. C.*

It is agreed between the parties hereto that the above entitled cause shall be heard before *Judge A. L. Coble,* at Chambers at Lincolnton, N. C.

This the 13th day of April, 1899.

OSBORNE, MAXWELL & KEERANS,
*Attorneys for Plaintiffs.*
BURWELL, WALKER & CANSLER,
*Attorneys for Defendant.*

EXHIBIT "A."

STATE OF NORTH CAROLINA—Mecklenburg County.

This contract, made this the 22nd day of June, A. D., 1868, between Samuel Harris, of the City of Charlotte, Mecklenburg County and State aforesaid, party of the first part, and E. Cenia Wharton, of the County of Cabarrus and State aforesaid, party of the second part, witnesseth:

Whereas, an agreement of marriage has been made between said parties, the rites of which are expected shortly to be duly solemnized in conformity to law: Now in consideration of the premises and the further consideration of the sum of $5.00 paid to the said party of the first part by the said party of the second part, the said party of the first part doth hereby covenant, stipulate and agree to and with said party of the second part, that he will set up no claim to any estate now owned by the said party of the second part, by virtue of his marital rights, which estate is believed to consist of an interest in a tract of land lying in said County of Cabarrus which descended to her as one of the heirs at law of her father, the late Alphonso Alexander, and about two hundred or three hundred dollars in moneyed assets, but both hereby release all rights and claims thereto, and doth hereby covenant to hold said estate upon the marriage, for the sole, separate and exclusive use and benefit of said party of the second part, and upon her death in the life time of said party of the first part, in trust for such purpose or purposes, as said party of the second part may indicate by writing in the nature of a last will and testament, and the said party of the first part doth further covenant, stipulate and agree to and with said party of the second part, that in the event she survives him, "then and in that case, she shall be entitled to the use, possession and enjoyment of a lot now owned by him, situated in

said City of Charlotte, on Tryon Street, and known in the plot of said town as lot No. 54, in Square No. 8, with all the improvements thereon, for and during the term of her natural life, and at her death said real estate to descend to the heirs at law of said party of the first part," and in addition thereto, she shall have out of his personal estate in her absolute right the sum of one thousand dollars in money, and an additional sum of one hundred dollars to purchase a good horse, and a further additional sum of fifty dollars to purchase farming tools, one cow and calf and one year's provision for herself and family. The said party of the second part for and in consideration of the premises and the further consideration of the sum of $5.00, doth hereby convenant, stipulate and agree to and with the said party of the first part, that in case she survives him, that then and in that event she will not set up any claims for dower or year's allowance, or as one of the next kin to his estate; but on the contrary, doth hereby release all right of dower, right of year's allowance, right as next to kin, or any other right or rights in and to his estate, to which she as widow, by law, may be entitled. In witness whereof the parties have hereunto set their hands and seals.

Testimony:

A. C. ALEXANDER, (Seal).
J. M. W. ALEXANDER, (Seal).
S. A. HARRIS, (Seal).
E. C. WHARTON, (Seal).


NORTH CAROLINA—MECKLENBURG COUNTY.
        In the Probate Court.

Be it remembered that the due execution of the foregoing marriage contract by S. A. Harris and E. C. Wharton, was duly proven before me, E. A. Osborne, Judge of Probate for

said County, by the oath and examination of A. C. Alexander, a subscribing witness thereto, and recorded in my office this the 2nd day of August, 1872. Therefore, let said marriage contract and this certificate be registered.

E. A. OSBORNE,

C. S. C. & J. P.

*Judgment.*

This case, coming on to be heard before me, at Chambers, at Lincolnton, N. C., upon an agreed statement of facts, by consent of counsel. It is ordered and adjudged that upon the facts set forth, that the plaintiff could and did execute to the defendant on August 19, 1896, a good and indefeasible deed to the property described, and that the plaintiff recover of the defendant the sum of $1,386.67, with interest thereon from April 1, 1899, the amount of the purchase note now due.

ALBERT L. COBLE,

*Judge Presiding 11th Judicial District.*

This April 13, 1899.

From the foregoing judgment the defendant appeals to the Supreme Court.

*Burwell, Walker & Cansler,* for apppellant.
*Osborne, Maxwell & Keerans,* for appellee.

FAIRCLOTH, C. J. Controversy without action under The Code, Section 567. Plaintiff's father, in 1868, entered into a marriage contract (Exhibit A.) with his intended wife, in which he stipulated that if she survived him "then in that case she should be entitled to the use, possession and enjoyment of the lot owned by him" (Lot No. 54, in Square 8, of

the City of Charlotte) "with all the improvements thereon, for and during the term of her natural life, and at her death said real estate to descend to the heirs at law of said party of the first part," the plaintiff's father, who died in 1870. The widow is still living, and the plaintiff at his father's death was, and still is, his only heir at law. The widow conveyed her interest in 1893 to the plaintiff, who, in 1896, conveyed his interest to the defendant, and took her notes for the purchase price. She paid a part and now refuses to pay the balance, on the ground that the plaintiff can not make her a good title during the life time of the widow.

The only question is, whether the estate vested in the plaintiff at his father's death.

In *Rives v. Frizzele*, 43 N. C., 237, there was a bequest to the widow for life, and "after her death, to be equally divided among his lawful heirs." Held a vested legacy at the time of his death.

In *Brinson v. Wharton*, 43 N. C., 80, a testator bequeathed all the residue to his wife "during her widowhood, and when she marries, then, that all the remaining property, both real and personal shall be equally divided between his children and beloved wife, share and share alike." Held, a vested remainder.

In *DeVane v. Larkins*, 56 N. C., 377, upon similar facts, the decision was the same.

In each of the above cases it was a conveyance by devise, and it was held that if one of the heirs died before the death of the widow or the happening of the future event, his or her share went to his or her representative, and that "after" or "upon" the death of the wife, or the like expression, does not make a contingency, but merely denotes the commencement of the remainder in point of enjoyment.

The case before us is not a conveyance, but a covenant—

marriage contract, evidently for the benefit and protection of the wife, if she should become a widow. Upon the death of an intestate ancestor, the title to his estate descends and vests at once in his heirs; it can not stand in abeyance, and vest in future like an executory devise.

Consider an estate with a conditional limitation: The title passes at once, and may be divested by the happening or non-happening of some future event, but this can only take place when so expressed or clearly intended. There is nothing in this agreement (Exhibit A.) indicating any intention that the estate, which vested in the plaintiff by his father's death, should be defeated by the death of the widow. We are satisfied that S. A. Harris, Sr., meant that his heir, the plaintiff, or heirs, if he should have other children, should possess and enjoy the property after the widow's death, and that he did not mean to divert the law of descent from its natural course. The plaintiff's estate therefore vested at his father's death, and we see no reason why he can not give the defendant a good title.

Affirmed.