F. G. JAMES ET AL. v. OSCAR HOOKER ET AL.

(Filed 22 December, 1916.)

**1. Deeds and Conveyances—Interpretation—Estates—Contingent Interests—Vested Interests—Death of Life Tenant.**

A conveyance of land to the wife for life, with remainder over after the expiration of her life estate to the children of her present marriage, now or that are hereafter born thereof, and the lawful descendants of said children, etc., "that are living at her death," does not convey a vested interest to the remaindermen at the time of its execution; but a contingent one, to be vested in such as are alive at the designated time and then fill the description.

**2. Deeds and Conveyances—Estates—Contingent Interests—"Descendants"—Descent and Distribution.**

A life estate to the wife in lands, with remainder, to take effect at her death, to the children of the marriage, "and the lawful descendants of said children," etc.: *Held*, the words "descendants of said children" refer, nothing else appearing, to those upon whom the law would cast the property by descent, including the lineal issue of the deceased life tenant, and not her grandchildren, whose parents were alive at the time of the falling in of her estate.

**3. Deeds and Conveyances—Estates—Contingent Interests—Estoppel—Rebutter.**

Where a conveyance of lands is upon contingent remainder to the children of the life tenant living at the time of her death, and theretofore some of them have attempted to convey their interests by deeds, as vested, and thereafter fulfill the conditions imposed by being alive at her death, the happening of the contingency passes the estate of the grantors by way of estoppel and rebutter.

SPECIAL PROCEEDINGS to sell land for partition, transferred to civil issue docket and heard on case agreed before *Lyon, J.,* at November Term, 1916, of PITT.

There was judgment making division of the property, and certain claimants whose interests were adversely affected excepted and appealed.

*J. B. James for plaintiff.*
*Winston & Biggs for James and Whedbee.*
*Albion Dunn, Harry Skinner, F. C. Harding for defendant.*
*L. G. Cooper for the Dancys.*

HOKE, J. The property in controversy, a certain lot in the town of Greenville, N. C., or its proceeds, is subject to disposition according to the provisions of a certain deed, in terms as follows:

"Know all men by these presents, that I, Edward C. Yellowly of Pitt County, North Carolina, for and in consideration of the sum of $1 to me

in hand paid, doth bargain, sell, alien, and convey to Penelope E. Dancy, wife of George A. Dancy, a certain piece or parcel of land in plan of said town as Lot No. 92, whereon she now lives, for and during the period of her natural life, with remainder over after the expiration .of her said life estate to the children now or that are hereafter born of the intermarriage of the said George A. Dancy and Penelope, and the lawful descendants of said children, their heirs and assigns, that are. living at her death.

"To have and to hold the said premises, with all and singular the privileges, rights, appurtenances, and improvements thereto belonging, to the said Penelope E. Dancy for and during the term of her natural life and to the said children and their descendants in manner as aforesaid, and their heirs and assigns, in fee simple forever."

Penelope, the life tenant, died in 1916, and the facts and circumstances pertinent to the operation and proper construction of the deed are very well epitomized in the brief of counsel as follows:

The children living at the execution of the deed:

(1) Josephine Dancy, wife of D. V. N. Seawell; (2) Melissa Nelson, wife of H. E. Nelson; (3) Lula Cleves, wife of L. E. Cleves; (4) Joseph Dancy; (5) George E. Dancy; (6) Elizabeth Dancey; '(7) William C. Dancy; (8) Frank Dancy.

Children and descendants of dead child living at the .death of Penelope:

(1) Josephine Seawell, (2) Joseph J. Dancy, (3) Elizabeth K. Goodwin, (4) William C. Dancy, (5) Charles O'Hagan Dancy, son of George Dancy, deceased.

Status of parties from 1869 to death of Penelope in 1916:

Josephine, now living; has one child. In 1897 conveyed her interest to James B. Cherry.

Joseph, now living; has two children. In 1886 conveyed his interest to James B. Cherry.

Elizabeth, now living, and has made no conveyance.

William C., now living; has three children. In 1888 conveyed his interest to Oscar Hooker. In 1912 conveyed his supposed interest, because of the death of his sister Melissa, to R. W. King.

George Dancy, died in 1886. He conveyed his share to Oscar Hooker.

After the death of the life tenant, George Dancy's son and "descendant," Charles O'Hagan Dancy, conveyed his interest as such "descendant" to Harry Whedbee and R. W. King equally.

Melissa is dead. She left no children and made no conveyance.

Lula Cleves died in 1906, leaving no issue. She undertook to convey her supposed interest to Harry Skinner.

Frank Dancey died in 1907, leaving no issue. He undertook to convey his supposed interest to Oscar Hooker.

F. G. James's wife is the heir at law of James B. Cherry, and Harry W. Whedbee is the purchaser of one-half of the interest belonging to Charles O'Hagan Dancy, son of George, who predeceased his mother, Penelope.

Upon these the facts and conditions chiefly relevant to the questions presented, we are of opinion that there was error in the judgment of the court to the effect that the deed, at the time of its execution, conveyed to the remaindermen therein a vested interest and making division of the property on that basis. If the instrument in its granting clause had omitted the words, "that are living at her death," the ruling of his Honor would have been in accord with our decisions, *Harris v. Russell,* 124 N. C., 547; *Pollard v. Pollard,* 83 N. C., 97; *Brinson v. Wharton,* 43 N. C., 80; *Rives v. Frizzle,* 43 N. C., 237; but the addition of these words just after the estate in remainder, "to the children now or that may hereafter be born of the intermarriage of the said George A. Dancy and Penelope and the lawful descendants of said children, their heirs and assigns," and qualifying both the words "children and their descendants," renders the interest a contingent one and requires that the rightful claimants should be living and answer the description at the death of the life tenant. *Vinson v. Wise,* 159 N. C., 653; *Latham v. Lumber Co.,* 139 N. C., 9; *Bowen v. Hackney,* 136 N. C., 187; *Whitesides v. Cooper,* 115 N. C., 570; *Watson v. Smith,* 110 N. C., 6; *Irvin v. Clark,* 98 N. C., 437.

It is contended for some of the appellants, children of the grantees in remainder who are now living, and were at the death of the life tenant, that they properly come within the meaning of the term "descendants" as used in the deed, and should be allowed a proportionate share of the property; but, on the record and facts in evidence, the position cannot be sustained. The primary and linguistic definition of descendants refers to the lineal issue or heirs of a dead and not a living parent or ancestor, and, when the term is used in reference to tenure of property and without anything to change or modify the ordinary meaning, authority is to the effect that it refers to persons upon whom the law has cast the property by descent, and includes only the lineal issue of a deceased ancestor. *Parish v. Mills,* 101 Texas, 276; *Dixon v. Pendleton,* 90 S. C., 8; *Rembert v. Vetoe,* 89 S. C., 198; *Duncan v. Clark,* 90 S. E., Current No. 3, p. 180.

There is not only nothing here to qualify the ordinary meaning of the word, but the evident purpose of the parties and the language of the instrument clearly refers to the property in reference to descent cast, and being to "descendants" as a class, these and other cases seem

to hold that the statute of descents should be resorted to for the purpose of ascertaining the interest to which the descendants are entitled, that is, whether they take *per stirpes* or *per capita.*

This question is not further pursued for reason that in the present instance there is only one living descendant of a deceased parent, to wit, Charles O'Hagan Dancy, and his interest is therefore the same whether he takes in one view or the other. So far as the record discloses, the claimants, under conveyances from the children, remaindermen who were living at the death of the life tenant, and from Charles O'Hagan Dancy, the only living descendant of a deceased child, are entitled to hold according to the tenor of their deeds, for, although by reason of the contingency, the estate they undertook to convey may not have been a transmissible interest at the time the deeds were executed, our decisions hold that on the happening of the contingency the estate of the grantors, by proper conveyances, would pass by way of estoppel or rebutter. *Buchanan v. Harrington,* 141 N. C., 39; *Foster v. Hackett,* 112 N. C., 546; *Watson v. Smith,* 110 N. C., 6.

Applying these principles to the facts in evidence and as agreed upon by the parties, it follows that Oscar E. Hooker is the owner of one-fifth interest in the property as grantee of W. C. Dancy; that Mangie James is the owner of two-fifths interest as the heir at law of James B. Cherry, grantee of Joseph and Josephine Dancy; that Elizabeth Goodwin is owner of one-fifth interest; that Harry Whedbee and Mattie E. King are each entitled to one-tenth interest as grantees of Charles O'Hagan Dancy, the grandchild and only living descendant of a deceased child.

This will be certified, that judgment may be entered according to this opinion.

Reversed.