SECURITY FINANCE CO. v. L. F. McGASKILL.

(Filed 17 November, 1926.)

**1. Fraud—Deceit—Allegations—Evidence.**

In defense to an action to recover of the defendant upon certain promissory notes upon the ground of fraud in their procurement, it is required that the defendant allege and prove that the representations

were false and relied on to his injury, and procured by the plaintiff with knowledge thereof, or with a reckless disregard of their truth or falsity, and made with fraudulent intent.

**2. Same—Contracts—Notes—Written Instruments.**

One who signs a promissory note is held to the terms of the written instrument when he can read and understand them, and only relied on the misstatement of the other party because he was too busy with other matters to fully inform himself.

APPEAL by plaintiff from *Nunn, J.,* at July Term, 1926, of RICH-MOND.

Civil action to recover on six promissory notes given by the defendant to the Brenard Manufacturing Company for the purchase of three claxtonolos, and alleged to have been assigned to the plaintiff, for value, before maturity, and without notice of any equities, etc.

Upon the jury's finding that said notes were secured from the defendant by means of false and fraudulent representations on the part of the agent of Brenard Manufacturing Company, and that the plaintiff was not a holder in due course of said notes, judgment was rendered in favor of defendant, from which the plaintiff appeals, assigning errors.

*W. R. Jones for plaintiff.*
*Bynum & Henry for defendant.*

STACY, C. J. With respect to the defense of fraud in the procurement of the notes sued on, it is nowhere alleged that the false representations, upon which defendant says he relied to his injury, were made with knowledge of their falsity or with reckless disregard of their truth or falsity, nor is it alleged that such false representations were made with intent to deceive the defendant. The allegations, therefore, are insufficient to support the charge of fraud. *Stone v. Milling Co., post,* 585.

Furthermore, it is alleged that the defendant informed the salesman of the Brenard Manufacturing Company "he was too busy at the time to read over the contract, but would rely on the statements made by the agent and sign it, since he had to wait on his customers and could not possibly read the written instrument."

Animadverting on the insufficiency of a similar defense in *Upton v. Tribilcock,* 91 U. S., 45, it was said: "It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written. But such is not the law. A contractor must stand by the words of his contract; and, if he will not read

what he signs, he alone is responsible for his omission," citing in support of the position: *Jackson v. Croy,* 12 Johns, 427; *Leis v. Stubbs,* 6 Watts, 48; *Farly v. Bryant,* 32 Me., 474; *Coffing v. Taylor,* 16 Ill., 457; *Slafyton v. Scott,* 13 Ves., 427; *Alvanly v. Kinnaid,* 2 Mac. & G., 7; 29 Beav., 490.

To like effect are our own decisions. *Hoggard v. Brown, ante,* 494; *Hollingsworth v. Supreme Council,* 175 N. C., 615, at page 637; *Colt v. Kimball,* 190 N. C., 169, and cases there cited.

The duty to read an instrument, or to have it read, before signing it is a positive one, and the failure to do so, in the absence of any mistake, fraud or oppression, is a circumstance against which no relief may be had, either at law or in equity. *Grace v. Strickland,* 188 N. C., p. 373. There are none so blind as those who have eyes and will not see; none so deaf as those who have ears and will not hear. *Furst v. Merritt,* 190 N. C., p. 402, and cases there cited.

The case of *Bank v. Redwine,* 171 N. C., 559, strongly relied on by the defendant, is not at variance with this position, but is in support of it. Likewise, the cases of *Oil and Grease Co. v. Averett, ante,* 465; *Bell v. Harrison,* 179 N. C., 190, *Machine Co. v. McKay,* 161 N. C., 584, *Leonard v. Power Co.,* 155 N. C., 10, and *Walsh v. Hall,* 66 N. C., 233, cited by the defendant, fall in the same category.

There was error in submitting the issue of fraud to the jury, as the answer contains no sufficient allegation to support it.

New trial.