J. R. BARNES AND WIFE, SADIE M. BARNES v. MILDRED E. HOUSE AND HUSBAND, CHARLES H. HOUSE, RUTH E. FITZHUGH AND HUS-BAND, JOHN FITZHUGH, HERMAN M. PATE AND WIFE, SALLY W. PATE, JANIE LEE JAMES AND HUSBAND, DORAN JAMES, HALLIE P. PATE AND HUSBAND, JOHN PATE, EVA P. FROEN AND HUSBAND, CLIFFORD D. FROEN, ANNIE MAY PHILLIPS AND HUSBAND, CLIF-FORD H. PHILLIPS, GERTRUDE P. HOOD AND HUSBAND, W. GRA-HAM HOOD, WILLIAM A PRINCE AND WIFE, JULIA MAE PRINCE, JULIA P. NASH AND HUSBAND, BUSH W. NASH, AMOS C. PRINCE AND WIFE, NELLIE PRINCE, JOHN S. PRINCE AND WIFE, WOODY PRINCE, CHARLES PRINCE AND WIFE, SUE G. PRINCE, ALMA PRINCE (WIDOW), ALMA S. FRICK AND HUSBAND, JOE FRICK, JULIA SATTERFIELD (WIDOW), MARY CLEVE PAGE AND HUSBAND, EDWIN PAGE, FRANCES S. BARBEE AND HUSBAND, H. C. BARBEE, JR., AND MARJORIE C. PRINCE.

(Filed 30 November, 1960.)

**1. Wills § 46—**

A warranty deed of a contingent remainderman conveys his interest, since upon the happening of the contingency vesting title in him, he is estopped from denying his grantee's title.

**2. Cancellation and Rescission of Instruments § 9—**

On the issue of fraud in procuring the execution of a deed for a nominal consideration, the fact that the grantee later sold the land at a price comparably less than his purchaser paid for other property in the neighborhood, is no evidence of fraud, and therefore evidence of the prices paid for the other land by the transferree is properly excluded.

**3. Same—**

Where the parties to a deed understand that the conveyance was made for the purpose of having the grantee transfer to a designated person, misrepresentations as to the identity of the grantee cannot constitute an element of fraud when such grantee conveys to the designated third person and thus effectuates the understanding of the parties.

**4. Same—**

Grantors may not assert misrepresentations as to the amount of the land embraced in the conveyance when the grantors are of legal age and were not prevented from reading the instrument by any trick, fraud, artifice, mistake or oppression.

**5. Cancellation and Rescission of Instruments § 6—**

Where it appears that more than three years prior to the institution of an action to rescind a deed for fraud for misrepresentations as to the quantity of land embraced in the conveyance, the grantors were served with summons in another action expressly setting out the fact that they had conveyed the entire tract of land, the action for rescission is barred by the three year statute of limitations.

**6. Appeal and Error § 42—**

　　Where before the jury has retired the court corrects a *lapsus linguae* in the charge and gives a correct instruction on the point, the error is ordinarily cured.

APPEAL by defendants from *Bone, J.,* May Civil Term, 1960, of WAYNE.

This is an action instituted by the plaintiffs to remove a cloud from the title to their 30-acre tract of land, such cloud consisting of adverse claims of the defendants. Twenty-three of the defendants, including spouses, filed an answer in which they deny the plaintiffs' ownership of the land and ask that a deed executed as of 3 February 1945 by the defendants to the plaintiffs' predecessors in title be set aside on the ground of fraud and that the defendants be decreed the owners of the land. Eleven defendants did not answer. Marjorie C. Prince answered and disclaimed any interest in the property.

The pertinent facts are set out as follows:

1. It is admitted in the pleadings that E. C. Prince at the time of his death in 1913 was the owner of a tract of land embracing the 30-acre tract involved in this action; that his will devising the larger tract is the common source of title of the plaintiffs and the defendants.

2. E. C. Prince devised the tract of land as follows: "I hereby leave everything I have to my brothers & sisters & my nephew, Rufus Prince Satterfield, for their life & then to their children." E. C. Prince was survived by five brothers and sisters and the nephew named in his will.

3. The life beneficiaries in the will, without the remaindermen being represented, purported to divide the lands in a partitioning proceeding (instituted in December 1913, see *Barnes v. Dortch,* 245 N.C. 369, 95 S.E. 2d 872), and the 30-acre parcel in controversy, designated as Lot No. 6, was allotted to Chester H. Prince, a brother of the testator.

4. Chester H. Prince and his wife, Marjorie C. Prince, never had any children. All the other life beneficiaries under the will did have children who survived them. Chester H. Prince conveyed his life estate in the 30-acre tract of land allotted to him in the partitioning proceeding to his wife, Marjorie C. Prince, by deed executed on 1 February 1937 and duly recorded on 30 June 1937 in the office of the Register of Deeds of Wayne County in Book 244 at page 128.

5. Naomi P. Early and others executed and delivered to Marjorie C. Prince, wife of Chester H. Prince, a warranty deed dated 3 Feb-

ruary 1945 for the 30-acre parcel of land now in controversy, which was duly recorded in Book 294 at page 401 in the office of the Register of Deeds of Wayne County. The grantors in this deed were all the heirs at law of E. C. Prince (other than Chester H. Prince) who were living both (1) at the time and (2) upon the filing of this action after the death of the last surviving life beneficiary under the will of E. C. Prince. All the defendants in this action, other than spouses under subsequent marriages, executed the above deed as grantors. The answering defendants set up a counterclaim to set aside this deed on the alleged ground of fraud.

6. On 15 June 1945, Marjorie C. Prince and her husband, Chester H. Prince, executed and delivered to the plaintiffs in this action a deed for the 30-acre tract of land in controversy, which deed is recorded in Book 294 at page 483 in the office of the Register of Deeds of Wayne County.

7. On 6 August 1949, Crawford-Norwood Company, which purchased a different lot or share of the E. C. Prince lands as allotted under the partitioning proceeding as referred to hereinabove, brought an action in the Superior Court of Wayne County against all the persons who were interested in any of the lands devised under the will of E. C. Prince (including all the defendants in this action other than spouses under subsequent marriages) for the purpose of validating and making the aforesaid partitioning proceeding binding upon all parties claiming an interest in the E. C. Prince lands. On 10 October 1949, a judgment was rendered which validated the partitioning proceeding. In the complaint in the Crawford-Norwood proceeding it was alleged that "Marjorie C. Prince, wife of * * * Chester H. Prince, who is still living and who has no children, claimed to own the share allotted to Chester H. Prince in said division * * * by virtue of a deed made to her executed by all the defendants in this action except said Chester H. Prince, said deed being dated February 3, 1945, and recorded in the Registry of said Wayne County in Book 294 at page 401." Each of the defendants in the present action was a party defendant in the above action (except spouses by subsequent marriages), and each defendant in the aforesaid proceeding was served with summons and a copy of the complaint in said proceeding which was instituted on 6 August 1949. In this proceeding it was alleged that Marjorie C. Prince and Chester H. Prince "conveyed away said Lot No. 6 in the E. C. Prince land division by warranty deed dated June 15, 1945, and recorded in the Registry of said Wayne County in Book 294 at page 483." The defendants filed no answer in the proceeding to validate the division of the E. C. Prince lands.

8. The answering defendants claim title based entirely upon the alleged invalidity of the deed referred to in paragraph 5 above, which they attack on the ground of fraud. The plaintiffs in their reply denied the alleged fraud and pleaded estoppel and the three- and ten-year statutes of limitation. At the trial, most of the answering defendants testified that they signed the deed without reading it and got the impression or were told that it was a deed to the homeplace and not to the entire 30-acre tract, and that they thought they were making a deed to Chester H. Prince and not to his wife; that they understood Chester H. Prince wanted to convey the house and lot, which constituted only a part of the 30-acre tract, to a niece, Sadie M. Barnes, one of the plaintiffs herein. The evidence further tends to show that the above deed which the defendants now attack, stated a consideration of one dollar, and that the consideration paid by the plaintiffs for the 30-acre tract was $5,000 which the plaintiffs paid to Chester H. Prince and his wife at the time the property was conveyed to Sadie M. Barnes and her husband, J. R. Barnes, in June 1945. The answering defendants testified to varying circumstances under which they signed the deed. In some instances the witnesses testified that they read the deed and understood that the deed was made to Marjorie C. Prince and that they knew the entire 30-acre tract was included in the deed. Practically all of the defendants testified that, nothing was said to them about any consideration for their signature; no defendant testified that he or she was promised any consideration in connection with the execution of the deed in 1945 or that they expected to be paid any consideration for the execution of said deed; that Chester H. Prince was a favorite uncle who lived in Norfolk, Virginia, and had befriended his nieces and nephews on numerous occasions; and the evidence tends to show that practically all of them looked to him for assistance when they were in need. The evidence also tends to show that the defendants knew the homeplace was to be conveyed to Sadie M. Barnes, a niece of Chester H. Prince and an heir of E. C. Prince, in order that she might move into the homeplace, repair it and maintain it so that the uncle, Chester H. Prince, would have a place to stay when he came back to North Carolina to visit. He lived in Norfolk, Virginia, for many years prior to his death and often expressed the desire that the homeplace should remain in the family.

The jury answered the issue as to the fraudulent execution of the deed in question against the defendants. The jury further found that the plaintiffs purchased the lands for a valuable consideration and

that the counterclaim of the defendants was barred by the statute of limitations.

It was agreed that the following issue, to wit, "Are the plaintiffs the owners in fee simple of the lands described in the complaint free and clear of any lawful claims of the following named defendants?" should be answered by the court, depending upon how the preceding issues were answered by the jury. The court answered the above issue in the affirmative as to each defendant except John S. Prince. The evidence revealed that at the time of the execution of the deed dated 3 February 1945, John S. Prince was in the United States Air Force in China and that his mother, Alma Prince, signed the deed for him purportedly as his attorney. She was not authorized to sign the deed in his behalf; at least no power of attorney was ever recorded or located. The cause was retained for further proceeding with respect to the interest, if any, of the defendant John S. Prince in the said tract of land.

Judgment was entered on the verdict to the effect that the plaintiffs are the owners in fee simple of the 30-acre tract of land, free from the adverse claims of the defendants (naming them except John S. Prince), and that the adverse claims of said defendants are wrongful and constitute a cloud upon plaintiffs' title and that the plaintiffs are entitled to have said cloud removed.

Defendants appeal, assigning error.

*J. Faison Thomson & Son, Scott B. Berkeley, and James N. Smith for plaintiffs.*

*Langston & Langston, F. Ogden Parker, and Dees, Dees & Smith for defendants.*

DENNY, J. We have set out hereinabove a rather comprehensive statement of facts in order that the pertinent questions involved in this litigation may be fully understood.

The case of *Barnes v. Dortch,* 245 N.C. 369, 95 S.E. 2d 872, involved a proceeding instituted by the plaintiffs herein to authorize the sale of the 30-acre tract of land now in controversy, pursuant to the provisions of G.S. 41-11. With respect to the power to sell said tract of land and give a fee simple title thereto, this Court held that in 1945 it could not be ascertained who will ultimately take under the will of E. C. Prince; that the ultimate takers of the property allotted to Chester H. Prince, if he died without having a child or children, could not be ascertained until his death. *Burden v. Lipsitz,* 166 N.C. 523, 82 S.E. 863. Therefore, since the plaintiffs in that pro-

ceeding had not made all the heirs at law of E. C. Prince parties thereto, the proceeding was held to be ineffective for the purpose contemplated.

The partitioning proceeding instituted in 1913 by the life tenants under the will of E. C. Prince, having been ratified by possession and acquiescence therein by all the heirs of the testator and further validated by a decree of the Supreme Court in 1949, in which proceeding all the defendants in this action were parties defendant, except spouses by subsequent marriages, is not challenged in this proceeding. Consequently since all the heirs at law of E. C. Prince signed the warranty deed dated 3 February 1945, conveying all their interest in the 30-acre tract of land allotted to Chester H. Prince to Marjorie C. Prince, and all these heirs survived Chester H. Prince, who died on 3 July 1959, and are parties to this proceeding, the deed executed by them in 1945 is valid and binding on them unless it was procured by fraud.

Where one has only a contingent interest in land and conveys such interest by warranty deed, such deed passes the contingent interest in the land, by way of estoppel, to the grantee as soon as remainder vests by the happening of contingency upon which such vesting depends. *Foster v. Hackett,* 112 N.C. 546, 17 S.E. 426; *Ford v. McBrayer,* 171 N.C. 420, 88 S.E. 736; *James v. Hooker,* 172 N.C. 780, 90 S.E. 925; *Baker v. Austin,* 174 N.C. 433, 93 S.E. 949; *Bourne v. Farrar,* 180 N.C. 135, 104 S.E. 170; *Woody v. Cates,* 213 N.C. 792, 197 S.E. 561; *Thames v. Goode,* 217 N.C. 639, 9 S.E. 2d 485.

No question was raised or issue submitted in the trial below with respect to any consideration in connection with the execution of the warranty deed dated as of 3 February 1945. The only issue submitted with respect to consideration was as follows: "Did the plaintiffs purchase said lands for a valuable consideration?" This issue was answered in the affirmative. There was no objection made or exception interposed to any of the issues submitted to the jury.

The defendants assign as error the refusal of the court below to allow the defendants' counsel to cross-examine the plaintiff J. R. Barnes with respect to the value of other properties he had purchased from the heirs of E. C. Prince, some of such properties having been purchased about the same time the plaintiffs purchased the 30-acre tract which had been allotted to Chester H. Prince. In our opinion, the court below very properly excluded this evidence. There was no controversy in the trial below because the 1945 deed was executed for a nominal consideration only. Therefore, if the plaintiffs, as the evidence tends to show, paid Marjorie C. Prince and her husband, Chester

H. Prince, $5,000 as purchase price for the 30-acre tract of land allotted to Chester H. Prince, what these plaintiffs paid for other properties would be immaterial on the question of fraud in connection with the execution of the deed dated 3 February 1945. Marjorie C. Prince and her husband, Chester H. Prince, would have had the right to have conveyed this property to these plaintiffs for a nominal consideration if they had so desired. The defendants were permitted to testify in their opinion as to the value of the 30-acre tract of land on 3 February 1945. This assignment of error is overruled.

The defendants assign as error the failure of the court below to include in its instruction to the jury with respect to fraud, not only as to the quantity of land conveyed but also as to the alleged fraudulent misrepresentation as to the grantee. The evidence supports the view that these defendants were entirely willing to convey their interest in the homeplace to Chester H. Prince in order that he might convey it to the plaintiffs, but they insist that a fraud was committed upon them by inserting Marjorie C. Prince as grantee, who had theretofore been conveyed the life interest in the 30-acre tract of land allotted to Chester H. Prince. The evidence establishes unequivocally that the grantee in the 1945 deed, with the joinder of her husband, did convey the 30-acre tract which contained the homeplace to the plaintiffs in accordance with the understanding of the defendants. Their only complaint with respect thereto is that the title passed through Marjorie C. Prince instead of through Chester H. Prince. If the deed had been made to Chester H. Prince, he could not have conveyed a good title to the premises to the plaintiffs without the joinder of his wife, Marjorie C. Prince, and she could not convey a good title thereto without the joinder of Chester H. Prince. Since Marjorie C. Prince and her husband carried out exactly what all the defendants say they understood was to be done by Chester H. Prince at the time they executed the deed in 1945, insofar as the old homeplace was concerned, no possible harm has been done to these defendants by the transfer through Marjorie C. Prince instead of through Chester H. Prince. This assignment of error is wholly without merit and is overruled.

Now as to the quantity of land conveyed in the warranty deed executed in 1945. A number of these defendants testified that they did not know that the entire 30-acre tract, which included the homeplace, was conveyed in the 1945 deed until after the death of Chester H. Prince in 1959. Others testified that they read the deed and knew the 30-acre tract was included. The reasons given by other defendants as to why they did not read the deed they executed in 1945 before

signing it, are, in our opinion, insufficient to support an issue of fraud in the procurement of the deed. All the grantees in the deed executed in 1945 were at that time of legal age, none of whom was under any disability, all of whom were literate, and many of them were operating businesses of their own or holding responsible positions.

In the case of *Finance Co. v. McGaskill*, 192 N.C. 557, 135 S.E. 450, it is said: "The duty to read an instrument, or to have it read, before signing it is a positive one, and the failure to do so, in the absence of any mistake, fraud or oppression, is a circumstance against which no relief may be had, either at law or in equity. *Grace v. Strickland*, 188 N.C. p. 373. There are none so blind as those who have eyes and will not see; none so deaf as those who have ears and will not hear. *Furst v. Merritt*, 190 N.C. p. 402, and cases there cited."

Moreover, in our opinion, had there been fraud in the procurement of the deed in 1945 with respect to the quantity of land included therein, the counterclaim to recover possession of the 30-acre tract of land by reason of such alleged fraud is barred by the statute of limitations, as found by the jury.

In this connection, these defendants, if they had really desired to do so, could have read the deed involved herein before they signed it in 1945. Furthermore, in the Crawford-Norwood proceeding referred to hereinabove, it was expressly pointed out in the complaint therein that all these defendants, except spouses by subsequent marriages, did, in 1945, execute a warranty deed to Marjorie C. Prince to the land allocated to Chester H. Prince, and that Marjorie C. Prince and her husband, Chester H. Prince, did execute a deed to such lands which conveyed the same to the plaintiffs herein. Summons and a copy of the complaint in the above proceeding were served on each and every one of the defendants, in 1945, except spouses by subsequent marriages. It is true that none of the defendants filed an answer in the Crawford-Norwood proceeding. Even so, this does not change the fact that they were served with a complaint that expressly set out the fact that said deed in 1945 purported to convey the very land they now claim, and which they now claim they did not know they conveyed until after the death of Chester H. Prince in 1959.

The defendants assign as error the instruction given by the court to the jury with respect to the burden of proof on the issue as to whether or not the defendants' counterclaim was barred by the three-year statute of limitations. The instruction given was erroneous. However, at the end of the charge and before the jury retired, the court informed the jury that such erroneous instruction had been due to

a slip of the tongue," and should be corrected, the court then said, "I now do so," and proceeded to give a correct instruction on the issue. This assignment of error is likewise overruled.

There are a number of other assignments of error brought forward on this appeal, but upon a careful examination of them, in our opinion, no sufficient prejudicial error has been shown in the trial below that would justify a new trial.

No error.