Daniel, J.
 

 We are of opinion that the testator, by making use of the words,
 
 u my la7ided
 
 estate,” in the above clause of his will, did not intend to include his wife’s landed estate in the said tract of land ; no fair interpretation can give the words so extreme a meaning; as he must have known, that the interest which he then held in her land would determine on his death.
 
 Seco7idly,
 
 the remainder in the testator’s land and personal estate is, by the will, directed to be sold, and the money to be raised from this mixed fund is directed to be divided among his sons and daughters. A Court of Equity considers real estate or personal, as that species of property into which it is directed to be converted. Nothing is better established in Equity than this principle, that money directed to be employed in the purchase of land, or land directed to be sold and turned into money, is to be considered as that species of property into which they are directed to be converted; and this, in whatever manner the direction was given, whether by will, contract, marriage articles, settlement or otherwise. The owner of the fund may make money land, or land money, and it is the business of a Court of Equity to enforce the execution;
 
 Fletcher
 
 v
 
 Ashburner,
 
 1 Bro. C. C. 497;
 
 Lechmere
 
 v
 
 Carlile,
 
 3 P. W. 211;
 
 Ashby
 
 v
 
 Palmer,
 
 1 Mer. 296. In this case, the testator has directed his land to be converted into money, and mixed with the money arising from the sales of the personal estate, for the purpose of division among his children, on the deathef their mother; and although one of the children (Margaret the wife of defendant William Smith) did die during the life of the tenant for life,- still the purpose exists, for which the land has been directed to be converted, to wit, the division among the children on the death of his wife the tenant for life. That share (Mrs. Smith’s,) of the mixed fund, created, or to be created by the sale, must go to her administrator ; for equity impressed on the estate in remainder
 
 *208
 
 in the land the character of personal property, which was vested in the legatees (the children) from the death of the testator. The foregoing principle appears to be now well established,
 
 Vlelcher
 
 v
 
 Ashbuvner,
 
 1 Bro. C. C. 497;
 
 Smith,
 
 v Claxton, 4 Madd. Rep. 484. If the purpose of the conversion no longer existed, the property would remain as it was in the hands of the testator, and pass according to its true nature.
 
 Smith
 
 v Claxton, 4 Madd. 484;
 
 Leigh
 
 and
 
 Dalzell
 
 on Conversion 72. The lands which belonged to the testator, the slaves and their increase, and the other personal property directed by the will to be sold, must be decreed by this court, to be sold and converted into money. The said fund will then be divided into nine equal parts or shares; one share will be assigned to each of the living children ; one share to Casper Smith, (the administrator of Margaret ;) one share to Wilson McCrary,
 
 (the
 
 administrator of his late wife Elizabeth;) one share to the administrator of Wm. McGuire, dec’d; and one share to the administrator of James McGuire, dec’d. Thirdly, the complainants are the heirs at law of the widow, Margaret McGuiro, the elder; and they state in the bill, that the | of the land, mentioned as having descended to them from her, cannot be divided without loss and injury ; they pray, that it (to wit, the
 
 ¶)
 
 may be decreed, under the the act of Assembly, to be sold, and the money divided among them,- according to their respective rights. We are of opinion that they are entitled to a decree to have the one-third of the land sold as prayed for.
 
 Fourthly:
 
 it is asked of us what interest William McGuire’s widow (Fanny McGuire) takes in the land descended from his mother. He died after his mother, and he was therefore seised at his death as a tenant in common of one-eighth of the said land, which descended from his mother; out of this one-eighth part his widowj Fanny McGuire, is entitled to dower. She agrees that the said land may be sold, and that her dower interest may be paid to her in money.
 
 Fifthly:
 
 that the executors or survivor could sell the land, intended to be converted, and personal estate after the death of the tenant for life, and to form
 
 *209
 
 a mixed fund for distribution among the legatees, is established by the case of
 
 Foster
 
 v
 
 Craig,
 
 2 Dev. & Bat. Eq. 209; and by the Revised Statute, ch. 46, s. 34, on the death of the executors that duty devolves on the administrator with the will annexed. It will promote the convenience of the parties, and probably improve the price of the whole tract, to appoint Mr. McCrary to be also the commissioner to sell the undivided share, which descended from Mrs. Margaret McGuire, the testator’s widow. The sale may thus be of the whole undivided tract, and the proceeds of the sale may be divided between the several persons, entitled to the respective estates, according to their rights before declared.
 

 Per Curiam. Decree accordingly.