SOPHIA ELLWOOD and others v. R. A. PLUMMER and others.

*Will—Construction of—Vested Remainder.*

Where land was devised to O in trust for two of the testatrix's daughters during their natural life to be equally divided, and after the death of either, in trust in part for her three grand-children, until the death of the other daughter, "at which time" said land is to be "equally divided" between the said three grand-children, of whom the defendant P was one; *Held*, that the interest of P in the land was a vested remainder and liable to sale under execution during the term of the life tenants.

(*Guyther* v. *Taylor*, 3 Ire. Eq. 323; *Giles* v. *Franks*, 2 Dev. Eq. 521; *Sutton* v. *West*, 77 N. C. 429, cited and approved.)

CIVIL ACTION to recover Possession of Land, tried at Fall Term, 1877, of MECKLENBURG Superior Court, before *Kerr, J.*

A. C. Miller died intestate in Mecklenburg County, and the plaintiffs—Sophia Ellwood, M. J. Orr (wife of J. L. Orr) and T. J. Wilson—were his only heirs at law. The land described in the complaint was in the possession of the defendants who claimed the same under the will of Susannah

Alexander, only the 5th item of which accompanies the case, and is ;—" I give, &c., to Silas Orr my plantation to have and to hold in trust for the sole use of my two daughters during their natural life time   *   *   *   said plantation to be equally divided as near as can be by three persons chosen for that purpose   *   *   *   each of my said daughters to hold and have the use of the part they now live on.   And it is further my will that after the death of either of my daughters   *   *   *   that the part of the place occupied by them be rented out by said Silas Orr, and the proceeds equally divided between my three grandchildren, R. A. Plummer (and the other defendants) until the death of the other daughter, at which time it is my will that my plantation   *   *   *   be equally divided into three lots between my three grand-children   *   *   *.

The plaintiffs claimed under a deed from the Sheriff executed on the 25th of July 1869, to their ancestor, A. C. Miller, who was the purchaser at an execution sale.   This deed · conveyed the interest of defendant R. A. Plummer (the defendant in the execution) in said land to said purchaser:

It was agreed that if the Court should be of opinion that the interest of said defendant, in the land devised by said will to the daughters for life, was liable to be sold under execution against the defendant during the life of said daughters, then there shall be judgment for plaintiffs, otherwise judgment for defendants.   His Honor adjudged that plaintiffs do recover, and the defendants appealed.

*Messrs. A. Burwell* and *W. H. Bailey*, for plaintiffs.
*Messrs. Jones & Johnston*, for defendants.

FAIRCLOTH, J.   The only question presented by the record is whether the estate of R. A. Plummer was a vested or contingent interest at the time of the Sheriff's sale, dur-

ing the term of the life tenant, and that depends on the question whether his estate vested at the death of the testatrix or at the death of the surviving life tenant who is now dead. This seems to be a plain question both from the authorities and the language of the testatrix.

A copy of the entire will is not before us, but only extracts from which alone we are to gather the intention. If the intention was uncertain and doubtful, the Court would incline to a vested estate, because that construction tends to certainty and settles the right of property. The whole tract of land is devised to one Orr in trust for two of the testatrix's daughters during their natural life time, to be equally divided, and after the death of either, in trust in part for her three grand-children, until the death of the other daughter, "at which time" said plantation is to be "equally divided," between said three grand-children, of whom R. A. Plummer is one. Here, both the object of the gift and the *event* of its full enjoyment are *certain*, which makes a vested remainder unless a different intention can be discovered in the will. It is plain also that equality was the desire of the testatrix, but a different conclusion would lead to inequality in the event of the death of one of the grand-children leaving children before the death of the tenant for life.

There is a class of cases in which the gift is postponed to some future time, in which usually some express reason is given, or is easily gathered from the context of the will, for the postponement. This class is usually recognized when there is nothing else to control by the use of the words give or devise to a man "at," "when," or "if," &c., meaning at the death of the particular tenant, or when the devisee shall attain a certain age, or if some other event shall take place. These expressions are as applicable to the substance of the gift as they are to the time of its enjoyment, and the legacy would lapse if the legatee should die before the time indicated by these expressions, and this is the general rule.

There is another class distinguishable from the above, such as a gift to one, payable at a particular time, or to be paid when a particular thing shall happen. In these the time does not refer to the substance of the gift, but only to the time of its complete enjoyment, and no lapse can occur in the meantime. And it has been held that the expression "equally to be divided," means the same as payable or to be paid. *Guyther* v. *Taylor*, 3 Ire. Eq. 323; *Giles* v. *Franks*, 2 Dev. Eq. 521.

It will be seen that the expressions in the present case are substantially identical with those in the latter class of cases. No reason whatever appears why the gift should not take effect until the death of the surviving life tenant, but a good reason does appear why the division merely was postponed until that time, which was that the purposes of the trust might be performed by the trustee, at which time his duties ceased, and the grand-children were entitled to a division and possession of their estate.

This being so, the plaintiffs are entitled to recover. *Sutton* v. *West*, 77 N. C. 429.

No error.

PER CURIAM.                    Judgment affirmed.