GEORGE W. VANDERBILT v. FRANCES E. A. ROBERTS ET AL.

(Filed 13 May, 1913.)

Partition—Clerk of Court—Reference—Findings—Sale for Division —Exceptions—Questions for Court—Appeal and Error.

Where under a reference ordered by the clerk in proceedings for partition the referee has found that actual partition cannot be made of the lands without serious injustice to the various and numerous owners, an exception thereto by one of the parties does not involve an issue of title; and the question presented being confined to the exception taken, is one to be passed on by the clerk, and by the judge of the Superior Court on appeal; and the judge's ruling that the matter was one for the jury is held reversible error.

APPEAL by plaintiff from *Lyon, J.,* judgment rendered at chambers, 24 January, 1913; from McDOWELL.

Petition for partition of a certain tract of land of 50 acres in Henderson County, removed to and tried in McDowell County because of the disqualification of the clerk of the former county.

The clerk referred the cause to a referee, who heard the cause, reported the evidence, and found as a fact that partition cannot be made without serious injustice to the various and numerous owners, and that the interest of all parties will be greatly promoted by a sale of the entire tract for partition.

There are a large number of defendants, all of whom consent to a sale, except the heirs of W. T. Johnson, whose names are set out in their joint answer on pages 12 and 13 of the record.

These defendants duly excepted to the order of reference. They also excepted to the report of the referee, and demanded

162—18

a jury trial in these words: "that the question of whether the said land can be actually divided or not be submitted to a jury."

*Lyon, judge,* granted defendants' motion and directed that the cause be tried by a jury upon the issues raised by the pleadings.

Plaintiff excepts and appeals.

*Harkins & Van Winkle, J. S. Merrimon, and Pless & Winborne for plaintiffs.*

*Michael Schenck for the heirs of W. T. Johnson, defendants and appellees.*

BROWN, J., after stating the facts: It is needless to consider the question as to whether the joint answer of the heirs of W. T. Johnson raises an issue of fact, except as to whether the land is susceptible of actual partition without serious injury to the many owners. The answer certainly raises no issue of title.

These defendants in their exceptions to the referee's report have pointed out with particularity the only matter upon which they demand a jury trial, viz., as to whether the land can be actually divided. Having specified their issue in their exception to the referee's report, they are necessarily limited to that. *Driller Co. v. Worth,* 118 N. C., 746.

These defendants are not entitled to have that matter passed on by a jury, because that is not an issue, but only a question of fact to be determined first by the clerk and on appeal by the judge.

The clerk heard the cause and found the facts fully and ordered a sale. These defendants appealed to the judge. The judge held as a matter of law "that the answer of these defendants raises issues of fact which should be tried by a jury." In this he erred.

No issues of title or fact are raised except as to the feasibility of dividing the 50-acre tract of land among a large number of owners. This is only a question of fact.

In *Ledbetter v. Pinner,* 120 N. C., 455, it is held: "The only controverted fact arising on the pleadings was as to the

advisability of a sale for partition or an actual partition. This was not an issue of fact, but a question of fact for the decision of the clerk in the first instance, subject to review by the judge on appeal." *Tayloe v. Carrow,* 156 N. C., 8, and cases cited.

The order of *Judge Lyon* is set aside and the cause remanded, to be proceeded with in accordance with this opinion. The costs of this appeal will be taxed against the heirs of W. T. Johnson, whose names are set out in their answer.

Reversed.