MYRA T. JENKINS ET AL. v. GRAHAM H. LAMBETH ET AL.

(Filed 15 November, 1916.)

**1. Estates—Contingent Remainders—Vesting of Interests—Donor's Death—Trusts—Deeds and Conveyances—Interpretation.**

The general rule, applying to deeds in trust as well as wills, that when a testator, after a prior limitation of his property, makes, in present terms, a disposition of the same in remainder to his own heirs or right heirs, these heirs, *nothing else appearing,* are to be ascertained and determined on as of the time of his death, favored by the courts because it has the tendency to hasten the time when the ulterior limitation takes on a transmissible quality, is not a rule of substantive law which the courts are imperatively required to follow, but a rule of interpretation adopted to ascertain correctly the intent of the donor, and may be departed from where a different meaning is disclosed from a proper perusal of the entire instrument.

## 2. Same—Right Heirs—Distribution.

The donor conveyed, in 1875, certain of his lands in trust for the sole and separate use of his wife for life, upon her death for the use and benefit of their children or the representative thereof living at her death, in trust to be conveyed in fee to such as may be living at the death of the donor; but should the wife die before the donor, her husband, without leaving such children or representatives thereof, then the trustee to convey the lands to the donor, his heirs and assigns, in fee; and should the wife die after her husband, the donor, leaving no such child or representative, then the trustee shall convey the lands in fee to the right heirs of the donor, whosoever they may be, their heirs and assigns. The donor predeceased his wife, who is still living without child or representative thereof, and she and the "right heirs" of the donor are the only persons interested. Construing the entire instrument as of its date to effectuate the evident intent of the donor, it is *Held*, the distribution of the estate was postponed until the death of the wife, the life tenant, at which time only can the designated heirs or true owners be ascertained and determined.

CIVIL ACTION heard on motion for final judgment before *Bond, J.,* at March Term, 1916, of PASQUOTANK.

The action was to procure a sale of certain real estate conveyed in 1875 by R. C. Jenkins, now deceased, in trust for his wife, Myra T., one of the plaintiffs, for life, with remainders over, etc. The land having been sold under decree in the cause and the sum of $8,000 realized and held for distribution, on this, a motion for final judgment, plaintiffs or some of them contended that, as shown by decree, the proper disposition of the fund in question is controlled by the terms of the deed of R. C. Jenkins, the former owner, and that under said deed and subject to the life estate of said Myra T., the life tenant, the remainder in the fund is owned by the right heirs of R. C. Jenkins, these heirs to be ascertained as of the date of his death, and defendants contending that by correct construction of said deed the ascertainment of these heirs is postponed till the death of the life tenant. On the hearing, his Honor being of opinion with the defendants, judgment was so entered, and the plaintiffs, some of the present heirs at law, excepted and appealed.

*J. B. Leigh for guardian ad litem.*
*Aydlett & Simpson for appellant.*

HOKE, J., after stating the case: From the pleadings and admitted facts it appears that in March, 1875, Dr. R. C. Jenkins conveyed the property in question to Palemon John, Esq., in trust, as follows:

"First. For the sole and separate use and benefit of Myra T. Jenkins, wife of said R. C. Jenkins, the party of the first part, for and during her natural life;

"Secondly. Upon the death of said Myra T. Jenkins, the said R. C. Jenkins, surviving, then to hold the same for the sole use. and benefit of such child or children of the said R. C. and Myra T. Jenkins or the representative of such child or children as may be living at the death of said Myra T. Jenkins, in trust to convey the same in fee to such child or children of the said R. C. and Myra T. Jenkins, or the representatives of such as may be living at the death of said R. C. Jenkins, share and share alike, that is, to each child living and the representatives of such child as may be dead, one share;

"Third. Should the said Myra T. Jenkins die leaving no child or children or the representatives of such by her said husband, the said R. C. Jenkins, and also leaving her said husband surviving her, or should she die leaving child or children, or the representatives of such, and they should die before said R. C. Jenkins, then in either of these events the party of the second part, his heirs or assigns, shall convey the land herein described to the said R. C. Jenkins, his heirs and assigns, in fee;

"Fourth. Should the said Myra T. Jenkins die after her husband, the said R. C. Jenkins, leaving no child or children by him, or the representatives of such child or children, then in this event the said P. John, the party of the second part, shall convey in fee the land herein conveyed to the right heirs of the said R. C. Jenkins, the party of the first part, whosoever they may be, to them, their heirs and assigns forever."

That Myra T. Jenkins, the life tenant, is still living; that the grantor, R. C. Jenkins, died before the institution of the suit, and that there was no child or representative of such child surviving, and that the parties interested in the fund under the will are the said life tenant and the "right heirs" of R. C. Jenkins, present or prospective, as the case may be.

It is undoubtedly the general rule that when a testator, after a prior limitation of his property by will, makes, in present terms, a disposition of the same in remainder to his own heirs or right heirs, these heirs, nothing else appearing, are to be ascertained and determined on as of the time of his death. This is not only the primary meaning of the word heirs, but the position is said to be favored by the courts because in its tendency it hastens the time when the ulterior limitation takes on a transmissible quality. *Newkirk v. Hawes,* 58 N. C., 265; *Rives v. Frizzle,* 43 N. C., 237; *Jones v. Oliver,* 38 N. C., 269; *Welch v. Blanchard,* 208 Mass., 523; *Wallace v. Diehl,* 202 N. Y., 156, reported also in 33 L. R. A., n. s., pp. 1 and 9, where the general question is treated in a full and instructive note by the editor. As said in some

of the cases on the question, however, notably in *Heard v. Read,* 169 Mass., 216, and others, this is not a rule of substantive law which the courts are imperatively required to follow, but is a rule of interpretation adopted as tending to ascertain correctly the intent of the testator, and may be departed from where a different meaning is disclosed from a proper perusal of the entire instrument. And, considered in that view, the same rule of interpretation should prevail in construing a deed of trust where the ultimate disposition in remainder is to the heirs or right heirs of the grantor; but, as in the former case, the rule should yield when, construed by accepted principles, the intent and meaning of the deed is to clearly postpone the time for ascertainment of the heirs to a later period.

In the present case, all of the interests contemplated and provided for in the deed having disappeared except that of the life tenant and the right heirs of the grantor, and he being now dead, under the general rule referred to the claims of these parties might and should be very well disposed of as vested interests (Tiedeman on Real Property, sec. 403), but for the language of the fourth limitation, that being the clause which is now controlling on the question, "Should the said Myra T. Jenkins die after her husband, the said R. C. Jenkins, leaving no child or children by him or the representatives of such child or children, then, in this event, the said P. John, the party of the second part, shall convey in fee the land herein conveyed to the right heirs of the said R. C. Jenkins, the party of the first part, whosoever they may be, to them, their heirs and assigns forever."

This deed of trust, made in 1875, to provide a life estate for the wife, then in support of certain contingent estates with the ulterior limitation, as recited, must be construed as of the time when made. What did the grantor then convey, according to the true intent and meaning of the instrument? When, in providing for the return of the estate to his own right heirs, he specified that on the death of his wife the trustee should convey to his own right heirs, he contemplated that there should then be an act *inter partes* between the trustee and them; and when he specified further that this conveyance should be to his own right heirs, "whosoever they should be," he clearly intimated those of his heirs who were such at the time indicated—at the termination of the life estate. The deed, then, by its terms and meaning having fixed upon the death of the life tenant as the time when the heirs of the grantor should be ascertained, under our authorities his Honor was right in holding that the limitation is still a contingent one, the person to take being uncertain, and the distribution of the fund must be postponed until the true owners can be properly determined

on and their interest declared. *Rees v. Williams,* 165 N. C., 201; *same case,* 164 N. C., 128; *Latham v. Lumber Co.,* 139 N. C., 9; *Bowen v. Hackney,* 136 N. C., 187, citing *Hunt v. Hall,* 37 Me., 363; Fearne on Contingent Remainders, Class 4.

We find no error in the record, and the judgment of the court below is Affirmed.

WALKER, J., concurring in result.