J. T. DIXON ET AL. v. JOHN R. PENDER AND WIFE, ANNIE PENDER.

(Filed 19 December, 1924.)

**Estates—Wills—Descent and Distribution—Statutes—Posthumous Child.**

An estate to the wife for life under her husband's will with remainder to the testator's right heirs, vests title in the child alive *in ventre sa mere* at the time of the testator's death, Rules 7 and 12, canons of descent, and upon the subsequent death (intestate) of such child, born alive, the mother inherits the fee from him under Rules 4 and 6; and upon the remarriage of the mother with children resulting therefrom, the children of the second marriage after her death intestate, take the estate as her heirs, and not the collateral relations of the testator. *Semble,* the estate would be cast upon the after-born unprovided-for child, under C. S., 4169, with like result.

CIVIL ACTION tried before *Bond, J.,* at April Term, 1924, of EDGECOMBE.

The action is to recover two tracts of land and the rents and profits thereof, instituted by the collateral relatives of John H. Daniel, Jr., now deceased, claiming same under his last will and testament, and as his descendants and devisees therein designated. Defendants, in possession and asserting ownership, claim the land under said will and as descendants and heirs at law of John W. Daniel, deceased, son and lineal descendant of said John H. Daniel, Jr.

At the close of the testimony and on formal admission in the pleadings and evidence, on motion, there was judgment of nonsuit, and plaintiffs excepted and appealed.

*Skinner & Whedbee, Allsbrook & Phillips for plaintiffs.*
*James Pender and W. O. Howard for defendants.*

HOKE, C. J. On the hearing it appeared from formal admissions in the pleadings and evidence that John H. Daniel, Jr., died 16 July, 1864, seized and possessed of the land in controversy and leaving him surviving his widow, Ann, then pregnant about four to five months, and who was afterwards, and in course of gestation, delivered of her first and only child of that marriage, John W. Daniel, now deceased, said child having been born about four months after the death of its father. That said John H. Daniel, Jr., left a last will and testament duly executed and admitted to probate in terms as follows:

"In the name of God, Amen:

"I, John H. Daniel, Jr., of the county of Edgecombe and State of North Carolina, being of sound mind and memory, do make, publish and declare the following as my last will and testament, viz.:

"After the payment of my debts and funeral expenses, I lend the balance of my estate of every description to my beloved wife, Ann Daniel, during her natural life, and at her death I give, devise, and bequeath the same to such persons as would be entitled to it under the laws of this State were I to die without a will and unmarried.

"I hereby nominate and appoint my said wife executrix of this my last will and testament.

"In testimony whereof, I have hereunto set my hand and seal, this 18 March, 1862.                    J. H. DANIEL.   (Seal)"

"That after the death of the said John H. Daniel, Jr., his widow, Annie Purvis Daniel, went into the possession of the two tracts of land which are described in allegations 1 and 3 of this complaint under and by virtue of the last will and testament of the said John H. Daniel, Jr., which is set out in allegation six of this complaint, and remained in possession thereof, through herself and her assigns, until her death, which occurred on 9 September, 1922."

That after the death of her former husband, John H. Daniel, Jr., his widow, Annie, intermarried with R. C. Brown, and had several children born of the marriage, and defendants, since the death of Annie Brown, their mother, are and have been in possession of the property under decrees of court and deeds by virtue of which they now have and hold all the right, title and interest of the children of the second marriage.

That John W. Daniel, posthumous son of the testator, died on 12 January, 1888, without having married and without children or the issue

of such and without brothers and sisters of the whole blood or issue of such, leaving him surviving his mother, Ann Brown, and the half brothers and sisters of the second marriage of his mother to said R. C. Brown. That plaintiffs are the next collateral relatives of John H. Daniel, Jr., to whom the land would descend but for the title claimed by defendants through John W. Daniel, the posthumous son of John H. Daniel, Jr.

Upon these the pertinent and controlling facts of the controversy we must approve the judgment of his Honor directing a nonsuit. In our opinion the will of John H. Daniel, Jr., by correct interpretation devises this property to his wife for life, remainder to his right heirs who would be such had he died unmarried and without a will, the purpose being to restrict the interest taken by his widow under the will to the life estate and to pass the remainder to his own descendants and heirs at law, whether lineal or collateral, exclusive of his widow, to be ascertained at the time of his death under the prevailing rules of law. *Witty v. Witty,* 184 N. C., p. 375. By this interpretation, the wife being then pregnant and subsequently delivered of a child of the marriage, such child, though in *ventre sa mere,* at the death of its father became seized as owner of a vested estate in remainder, and transmissible by descent under rules 7 and 12 of our canons. *Deal v. Sexton,* 144 N. C., p. 157; *Allen v. Parker,* 187 N. C., p. 376. And this child having later died without issue and without any brothers or sisters of hereditable blood, and his father being dead, his estate passed to his mother under Rules 4 and 6 of our canons of descent as construed and applied by our decisions on the subject. *Allen v. Parker, supra; Noble v. Williams,* 167 N. C., p. 112; *Poisson v. Pettaway,* 159 N. C., p. 650; *Watson v. Sullivan,* 153 N. C., p. 246; *Paul v. Carter,* 153 N. C., p. 26; *Little v. Buie,* 58 N. C., p. 10; *Dozier v. Grandy,* 66 N. C., p. 484; *McMichael v. Moore,* 56 N. C., p. 471.

The mother, the life tenant, having died in 1922, before this proceedings instituted, the property descended to her children, whose estate and interest has been acquired and is now held by defendants, who are the owners as his Honor ruled.

Even if the will should be interpreted as a devise to the collateral heirs, it would seem that the after-born child would take by virtue of section 4169 of Consolidated Statutes, which enacts that after-born children, unprovided for, shall inherit their share of the estate, in this instance the entire property, there being no express disinheritance of such child. *Flanner v. Flanner,* 160 N. C., p. 126; *Thomason v. Julian,* 133 N. C., p. 309.

It is urged for appellant that the construction approved in this case brings about the very result that the testator desired to avoid, giving

the property to the descendants of the wife instead of his own, but this effect is not wrought by the will. That is allowed and has full effect when the property vests in the child, the lineal descendant. The latter then becomes the owner and a new propositus, and the result complained of is caused by our statutes of descent applicable and controlling the question.

There is no error and the judgment of nonsuit is

Affirmed.