T. M. ALEXANDER ET AL v. LAURA FLEMING ET AL. ·

(Filed 23 December, 1925.)

**1. Estates—Remainders—Conditional Fee.**

Under a devise of an estate in remainder to be divided between testator's son and daughters, upon condition that they have bodily heirs, and should any of them die without such heirs, then to the others, etc., the son, after the falling in of the life estate, takes a fee defeasible upon his dying without such heirs.

**2. Same—Wills—Dower—Election—Statutes.**

Where a devisee takes a defeasible fee in lands, and dies intestate without the conditions performed, his widow can acquire no right of dower in the lands thus devised to him, and therefore she is not put to her election to take either under the will or under the law, C. S., 4100.

**3. Dower—Estates—Descent and Distribution.**

The widow's right to dower rests upon the theory that during coverture her deceased husband died intestate, seized of an estate which any child she may have borne him might have taken by descent.

APPEAL by plaintiffs from *Lane, J.,* at August Term, 1925, of the Superior Court of CABARRUS.

This is an action for the recovery of land. The plaintiffs allege that they and the defendants Byron Kimmons and Nina Faggart, who declined to become parties plaintiff, are the owners of the land described in the complaint, that the defendant Laura Fleming wrongfully withholds possession thereof, and that they are entitled to damages. The material facts are as follows: T. A. Fleming, under whom all the parties claim title, died 1 February, 1900, seized of certain real estate. He made a will (R. W. Fleming qualifying as one of the executors), in which he named as his surviving children Mary Jane Alexander, Harriet Jenette Kimmons, Algeria Melissa Gillon, and R. W. Fleming. Mrs. Alexander and Mrs. Kimmons are dead, survived by children and grandchildren; Mrs. Gillon is living; R. W. Fleming died testate on 4 February, 1923, leaving surviving him the defendant, Laura Fleming, his widow, but no issue. Margaret Fleming, the widow of T. A. Fleming died during the lifetime of R. W. Fleming. All the surviving heirs or devisees are parties to the action. ·

In the last will and testament of T. A. Fleming are the following items:

1. I give and devise to my loving and faithful wife, Margaret, all my lands and personal property, money and notes without reserve, to be used by her for her easy and comfortable maintenance during her natural life.

(My surviving children are Mary Jane, wife of J. C. Alexander, Harriet Jenette, wife of R. M. Kimmons, Algeria Melissa, wife of C. C. Gillon, and my son R. W. Fleming.)

2. At the death of my wife, Margaret, I will that lands be equally divided between my children above named subject to the following exception.

3. I will and direct that three discreet men of sound judgment be chosen by my legatees who shall be sworn to act impartially.

4. I will and direct that the commissioners chosen shall first lay off a lot of 15 acres square with my dwelling-house in the center. To that lot shall be added enough of land to equalize it in value with the other shares without taking in account the value of the buildings or any improvements that may be made on any part of the land that may be embraced in the 15-acre lot after the date of this will, which lot shall be marked lot No. 1, and lot No. 1 I will and devise to my son, R. W. Fleming.

5. I will that the remainder of my lands be divided into three lots of equal value and to each of my daughters I give and devise one lot. And they shall cast lots to determine which one of the three lots each one shall have.

7. If any one of my children above named die without leaving heirs of their body, then all that they have inherited under this will shall revert to my estate and be equally divided among my surviving children or their bodily heirs if any one of them be dead and left children.

8. I hereby appoint and constitute my beloved wife, Margaret, and my son, R. W. Fleming, executrix and executor of this my last will and testament which is written with my hand.

The three "discreet men" made partition of the devised lands and allotted to R. W. Fleming lot No. 1, and their report was confirmed by the clerk. At the time of his death R. W. Fleming owned personal property and several tracts of land. He executed his last will and testament in which are the following provisions:

1. I direct my executrix to pay my just debts that I may owe out of the first moneys coming into her hands belonging to my estate.

2. I give and devise to my beloved wife, Laura May Fleming, all my estate, both real and personal or mixed, wherever located or situated, to have and to hold to her absolutely and in fee simple.

3. I hereby constitute and appoint my beloved wife Laura May Fleming, executrix of this my last will and testament.

Laura Fleming resided with her husband on lot No. 1 and after his death continued to reside there until she rented it to F. M. Craven. She qualified as executrix of her husband's estate.

Upon the trial the issues were answered as follows:

1. Are the plaintiffs and Byron Kimmons and Nina Faggart the owners in fee, and entitled to the immediate possession of the lands described in the complaint? Answer: Yes, subject to the dower of Laura Fleming.

. 2. Is the defendant Laura Fleming in the possession of said lands? Answer: Yes.

3. Is the defendant Laura Fleming in the unlawful possession of said lands? Answer: Yes.

4. What was the clear value of said premises during said possession of said Laura Fleming for the years 1923 and 1924? Answer: $800.

5. What is the amount of taxes and drainage assessments accrued on and paid by the defendant Laura Fleming while in the possession of said premises? Answer: $233.

Only the fourth issue was submitted to the jury, the parties having agreed that the judge should find the facts from the evidence and answer each of the others. Judgment upon the verdict. The cause was remanded to the clerk of the Superior Court with directions to issue a writ of dower appointing freeholders to allot to Laura Fleming her dower in lot No. 1 allotted to her deceased husband. The plaintiffs excepted and appealed upon errors assigned.

*M. B. Sherrin and Frank Armfield for plaintiffs.*
*Hartsell & Hartsell and J. Lee Crowell for defendant.*

ADAMS, J.  T. A. Fleming devised his real property to his wife "to be used during her natural life," and directed that it be partitioned after her death among the four children named in his will, subject to the provision, "If any one of my children above named die without leaving heirs of their body then all that they have inherited under this will shall revert to my estate and be equally divided among my surviving children or their bodily heirs if any one of them be dead and left children." After the death of the life tenant the land was divided among the testator's three surviving children and the children of Harriet Kimmons, who meanwhile had died. The land in controversy was devised to R. W. Fleming and by virtue of the devise he acquired a title in fee, defeasible in the event of his death without children or heirs of his body. C. S., 1737; *Buchanan v. Buchanan,* 99 N. C., 308; *Whitfield v. Garris,* 131 N. C., 148; *S. c.* 134 N. C., 25; *Wilkinson v. Boyd,* 136 N. C., 46; *Harrell v. Hagan,* 147 N. C., 112; *Elkins v. Seigler,* 154 N. C., 374; *Burden v. Lipsitz,* 166 N. C., 523; *Bizzell v. Building Asso.,* 172 N. C., 158; *Albright v. Albright, ibid.,* 351; *Smith v. Parks,* 176 N. C., 406; *Love v. Love,* 179 N. C., 115; *Walker v. Butner,* 187 N. C., 535.

The question first presented relates to the alleged right of dower in this estate. Whether elsewhere the law on the subject may be uncertain or confused is a matter with which at present we are not concerned, for our decisions furnish an answer to any inference or suggestion that the determinable quality of R. W. Fleming's estate excludes the widow's right of dower. The exact point arose in *Pollard v. Slaughter,* 92 N. C., 72, and *Mr. Justice Ashe,* after an exhaustive review of the English and American authorities, adhered to the principle declared in *Buckworth v. Thirkell,* 3 Bos. & Pull., 652, that the determination of an estate by operation of an executory devise does not defeat either curtesy or dower. See, also, *Midyette v. Grubbs,* 145 N. C., 85; *Allen v. Saunders,* 186 N. C., 349.

The plaintiffs do not impeach these decisions; they assent to them. They make no appeal to the doctrine of equitable election; they admit it is not apposite. Their contention is based on the broad proposition that the appellee elected to remain outside the class of widows who are dowable under our law, for the reason that, her husband having died testate, she did not dissent from his will.

In Coke's First Institute, by Thomas, 450, it is said: "In every case where a woman taketh a husband seized of such an estate in tenements, etc., so as by possibility it may happen that the wife may have issue by her husband, and that the same issue may by possibility inherit the same tenements of such an estate as the husband hath, as heir to the husband, of such tenements she shall have her dower, and otherwise not." "Tenant in dower" says Blackstone, "is where the husband of a woman is seized of an estate of inheritance, and dies; in this case, the wife shall have the third part of all the lands and tenements whereof he was seized at any time during the coverture, to hold to herself for the term of her natural life." Subject to exceptions our statute provides that every married woman, upon the death of her husband intestate, or in case she shall dissent from his will, shall be entitled to an estate for her life in one-third in value of all the lands, tenements, and hereditaments whereof her husband was seized at any time during the coverture. C. S., 4100; *Chemical Co. v. Walston,* 187 N. C., 817. In reference to the construction of this statute the appeal involves two questions: (1) Whether the husband had a devisable estate in the land in controversy; (2) whether the widow's dissent from his will was prerequisite to her right of dower in the defeasible fee.

With respect to the first of these questions Tiffany in his work on Real Property, vol. 1, (2 ed.) sec. 221, says: "The important consideration in this connection is whether the estate out of which dower is claimed came to an end before the husband's death or at the time of such death, the widow being entitled to dower in the latter case and not in the former."

The limitation over took effect and R. W. Fleming's fee was defeated the instant he died, there being no "heirs of his body"; he had no estate in the disputed land which he could dispose of by his will; and no title to it or interest in it was transferred to his wife by his devise of all his real and personal estate. *Smith v. McCrary,* 38 N. C., 204; *Elmore v. Byrd,* 180 N. C., 120. His widow's right to dower rests upon the theory that during coverture he was seized of an estate which any child she might have borne him could possibly have taken by descent. *Pollard v. Slaughter, supra.* Within the meaning of the statute R. W. Fleming did not die intestate as to a defeasible fee which he could not dispose of by will (4 Words & Phrases, 3732; *ibid.,* vol. 2, (2 series) 1170; *Kohny v. Dunbar,* 39 L. R. A., N. S., 1107) ; and his widow was not required as a condition precedent, or in right of her election, to dissent from a will in which he devised the real and personal property of which he died seized and possessed. Where a husband dies leaving a last will and testament in which he devises his property to his widow, she must take either under the will or under the law. If she elects to take under the will she cannot have dower; but the dissent from her husband's will authorized in C. S., 4100, evidently has reference to property which may be the subject of a devise. R. W. Fleming, as we have said, had no legal right to devise the defeasible fee and his widow, therefore, is not claiming dower in opposition to the will. *Landers v. Landers,* 151 Ky., 206, 214. If he could have devised the land a different question would have arisen and the argument advanced by the plaintiffs would have demanded of the appellee the most serious consideration. In our opinion section 4100 does not apply to the facts appearing of record, and for this reason it was not essential that the widow of R. W. Fleming should dissent from his will before asserting her right of dower in the estate which was determined at his death by operation of the executory devise.

We find

No error.