AMERICAN YARN AND PROCESSING COMPANY, A CORPORATION, V. EUGENE H. DEWSTOE ET AL.

(Filed 9 June, 1926.)

**1. Estates—Fee Conditional—Contingent Remainders—Statutes.**

An estate to the testator's wife for life, and at her death to be equally divided among four of his children by name, and if any of the children die without issue their proportional parts to the testator's lineal descendants: *Held,* the children take a fee conditional at the death of the testator, subject to be defeated upon the death of any of them during the continuance of the life estate, and upon the death of one or more of them, his or their share vests in the other surviving children of the testator. C. S., 1737.

**2. Same—Deeds and Conveyances—Equity.**

Where the children of the testator take by devise a defeasible title in the lands and attempt to convey the fee-simple title to a part thereof, when the contingency happens that vests a fee-simple title in them, and the remaining part of the land is sufficient, their part of the land thus taken by devise will be decreed to them from the lands not subject to their conveyance.

**3. Same—Dower—Judgment—Appeal and Error—Procedure.**

The widow of one acquiring a defeasible fee-simple title may have her homestead allotted therein, and where it appears on appeal to the Supreme Court that such relief has been granted to her, and no allotment thereof has been made, from which she has not appealed, the scope and extent of her dower interest may be left open for its ascertainment in a formal proceeding for that purpose.

APPEAL by plaintiff and certain defendants from *Cowper, Emergency Judge,* at March Term, 1926, of GASTON.

Martin R. Dewstoe died in February, 1912, seized of 83 acres of land in River Bend Township, Gaston County. He left surviving him his widow, Martha L. Dewstoe, who died 8 December, 1922, and four children, namely, Louise D. Henderson, Gertrude Costner, Martin E. Dewstoe, and Eugene H. Dewstoe. Mrs. Louise D. Henderson is the mother of Mrs. Jean Henderson Thistlethwaite and Miss Bain Henderson; Mrs. Gertrude Costner has never had a child born to her; Eugene H. Dewstoe is the father of Catherine Dewstoe, an infant under the age of fourteen years; and Martin E. Dewstoe died in Alabama 10 May, 1925, without issue, leaving as his widow Rose McDonald Dewstoe, who is his qualified executrix.

Martin R. Dewstoe also left a will, probated 16 July, 1912, the material clause of which follows: "I give and bequeath to my beloved wife, Martha L. Dewstoe, all my real estate situated in Gaston and Moore counties, including my dwelling-house, all my outhouses and other improvements, together with all my personal property including my cotton mill stocks, my livestock of whatever kind I may possess at my death, to have and to hold to her, the said Martha L. Dewstoe for and during the term of her natural life, and at her death the said real and personal property to be equally divided among my children, viz.: Louise D. Henderson, Gertrude Costner, Martin E. Dewstoe, and Eugene H. Dewstoe, and if any of my heirs dies without issue their proportional part of my estate shall revert to my lineal descendants."

On 13 August, 1918, Martha L. Dewstoe, widow of the testator, and Louise D. Henderson, widow, Martin E. Dewstoe and his wife, Gertrude D. Costner and her husband, and Eugene H. Dewstoe and his wife conveyed by deed with the usual covenants and warranties 15½ acres (which is a part of the 83 acres) to the American Processing Company, predecessor of the plaintiff; and on 7 November, 1923, a similar deed was executed to the plaintiff for 1⅔ acres (a part of the 83-acre tract) by the same grantors except Martha L. Dewstoe who had died.

Martin E. Dewstoe devised his property to his wife, and in the third item he provided that whatever he acquired under his father's will should descend through him to his wife.

YARN CO. *v.* DEWSTOE.

After receiving the two deeds referred to above the plaintiff was informed that the children of Mrs. Louise D. Henderson and the child of Eugene H. Dewstoe claim that they have a contingent interest in the land thus conveyed to the plaintiff and that such interest can be determined only as the several heirs may die; and therefore it brought suit praying that it be declared the owner of an indefeasible title to the two lots conveyed to it and that the defendants and the unborn lineal descendants of Martin E. Dewstoe be forever excluded; or in lieu thereof that the share of Martin E. Dewstoe in the land devised by his father be allotted in fee to Louise D. Henderson, Gertrude D. Costner, and Eugene B. Dewstoe so as to include the land conveyed to the plaintiff and that it be decreed that their title inure to the benefit of the plaintiff by virtue of the deeds executed by the defendants. A guardian was appointed to represent the infant defendant and the unborn lineal descendants. The following verdict was returned:

1. Are the devisees of Martin R. Dewstoe, deceased, still the owners of the entire tract of land described in paragraph 4 of the complaint, subject to the terms and provisions of the will of Martin R. Dewstoe, except the parcels thereof heretofore conveyed to the plaintiff by the deeds of conveyance referred to in paragraph 7 of the complaint? Answer: Yes.

2. Are the two parcels of land conveyed to the plaintiff by the deeds of conveyance referred to in paragraph 7 of the complaint (being parts of the tract described in paragraph 4 of the complaint), at this time and at all times since the death of Martin R. Dewstoe less in value and acreage than one-fourth of the acreage and value of the tract of land described in paragraph 4 of the complaint, which was devised by the will of Martin R. Dewstoe, deceased, as alleged in the complaint? Answer: Yes.

3. Can one-fourth in value of the tract of land described in paragraph 4 of the complaint, be set aside and allotted in severalty to the defendants, Mrs. Louise D. Henderson, Mrs. Gertrude D. Costner, and Eugene H. Dewstoe, so as to embrace and include the parcels of said entire tract of land heretofore conveyed to the plaintiff by the deeds of conveyance referred to in paragraph 7 of the complaint, without prejudice to the interest of the other parties who now have, or may hereafter acquire, an interest in said tract of land under the will of Martin R. Dewstoe, deceased? Answer: Yes.

Judgment for the plaintiff and appeal as noted.

*W. S. O'B. Robinson, Jr., for plaintiff.*
*R. B. Evins and Cansler & Cansler for Rose McDonald Dewstoe.*
*O. F. Mason, Geo. B. Mason and O. F. Mason, Jr., for Eugene H. Dewstoe and others.*

ADAMS, J. It was adjudged by the trial court that the interest or estate of each of the four children in the devised land was subject to be defeated and terminated as to each of them by his or her death without issue then living or born within ten lunar months thereafter. This adjudication is assailed by the plaintiff and Rose McDonald Dewstoe, widow and executrix of Martin E. Dewstoe, who contend that the death of the life tenant was fixed as the time when the devise over was to become effective, and that the devise to the lineal descendants is not a limitation upon the estates taken by them on the division, but is a statement of the conditions upon which the lineal descendants of the testator were to be substituted for any child who might be dead without issue at the time the division was made.

As a general rule where a devise is made to one for life and after his death to the testator's next of kin, the next of kin who are to take are the persons who answer that description at the death of the testator and not those who answer the description at the death of the first taker. *Jenkins v. Lambeth,* 172 N. C., 466; *Goode v. Hearne,* 180 N. C., 475; *Witty v. Witty,* 184 N. C., 375; *Dupree v. Daughtridge,* 188 N. C., 193. It is otherwise, however, where it appears from the terms of the will that some intervening time is indicated. *Bank v. Murray,* 175 N. C., 62. Ordinarily a devise to the survivors of a class will take effect at the testator's death, but not if a particular estate is created and the remainder is given to those who survive the life tenant. *Mercer v. Downs,* 191 N. C., 203. Under the rule at common law a limitation contingent upon death without issue was void for remoteness because it referred to an indefinite failure of issue; and in order to give effect to the testator's intention the courts began to look for some intermediate time, such as the termination of the life estate, or some other designated period, and held that the phrase "dying without issue" was to be referred to this intermediate period. *Hilliard v. Kearney,* 45 N. C., 231. This principle was entirely changed by the act of 1827, which is now C. S., 1737: "Every contingent limitation in any deed or will, made to depend upon the dying of any person without heir or heirs of the body, or without issue or issues of the body, or without children, or offspring, or descendant or other relative, shall be held and interpreted a limitation to take effect when such person dies not having such heir, or issue, or child, or offspring or descendant, or other relative (as the case may be) living at the time of his death, or born to him within ten lunar months thereafter, unless the intention of such limitation be otherwise, and expressly and plainly declared in the face of the deed or will creating it: *Provided,* that the rule of construction contained in this section shall not extend to any deed or will made and executed before the fifteenth day of January, one thousand eight hundred and twenty-eight."

*Patterson v. McCormick,* 177 N. C., 448, was decided in 1919; and in an exhaustive opinion practically all the cases relating to this statute were reviewed, distinguished, and classified. In that case the testator devised his plantation to his mother during her lifetime, and then provided: "After the death of my mother I will and bequeath the plantation above mentioned to my nephews, John D. and Clem Jowers, to be equally divided between them. In case they or .either of them die without issue, it is my will that the property herein bequeathed shall go to the heirs of Archibald and Gilbert Patterson and to the surviving brother John D. or Clem Jowers, as the case may be, to be equally divided between them." The life tenant died in 1877 and John D. Jowers in 1904 without surviving issue, and the Court held that as the time of dying was to be referred to the death of John D. or Clem Jowers the title to the plantation vested, upon the death of John D. absolutely in the plaintiffs and in the defendants as purchasers from Clem. Another review of the decisions would now serve no good purpose. To those cited in *Patterson v. McCormick* may be added *Love v. Love,* 179 N. C., 115; *Willis v. Trust Co.,* 183 N. C., 267; *Vinson v. Gardner,* 185 N. C., 183; *Alexander v. Fleming,* 190 N. C., 815. In some of the cases the devise was substantially the same as that now under consideration and these decisions are controlling here. On this point we find no error.

It was also adjudged that upon the death .of Martin E. Dewstoe his undivided one-fourth interest vested as an indefeasible fee-simple title in the surviving brother and sisters. We think this conclusion also is correct. The manifest purpose was to provide first for the children— the grandchildren to take in succession and not as tenants in common. *James v. Hooker,* 172 N. C., 780; *Bowden v. Lynch,* 173 N. C., 203; *Robertson v. Andrews,* 175 N. C., 492. It was established by the verdict that the two lots conveyed to the plaintiff by the testator's widow and children are less in value and acreage than one-fourth the value and acreage of the 83-acre tract, and· that one-fourth in value of the entire tract can be allotted in severalty to the three surviving children so as to include the lots conveyed to the plaintiff without prejudice to the other interests. Accordingly, it was decreed that the share of Martin E. Dewstoe be thus allotted, and that the cause be referred to the clerk to appoint commissioners to make such allotment by metes and bounds, excluding from consideration all improvements made on the property by the plaintiff or its predecessor, and embracing in the allotment the two lots now claimed by the plaintiff. As we understand from the briefs and the oral argument the defendants, except Rose McDonald Dewstoe, admit there is no error in the judgment, and as the order in reference to this allotment is not one of the grounds on which she appeals, we find no

exception to this part of the judgment. Rose McDonald Dewstoe assigns for error the court's failure to determine and adjudge the extent of her dower interest in the defeasible estate of her deceased husband. The judgment merely declares that she shall not claim dower in the lots conveyed to the plaintiff and that no other part of the judgment shall prejudice or affect her right to any dower she may have as surviving widow. In her brief she says that she requested the trial court to adjudge that she is entitled to dower in one-fourth in value of the entire tract except the lots conveyed to the plaintiff; but such request is not disclosed by the record. She prayed a separate appeal, but she has set out no specific assignment of error in the judgment. Rose McDonald Dewstoe is of course entitled to dower in the defeasible estate of her deceased husband (*Alexander v. Fleming,* 190 N. C., 815), but it was suggested on the argument that as the judge did not undertake to determine the present scope and extent of her right to dower, the question should be left open until in a formal proceeding it can be fully considered. In the present state of the record we concur in this suggestion. We find no reversible error.

No error.