CHAS. W. PRIDDY & COMPANY, INC., PETITIONER, v. MRS. MITTIE F. SANDERFORD, WIDOW; MRS. TINEY HAITHCOCK SADLER AND HUSBAND, LUTHER SADLER; MRS. BULAH HAITHCOCK THAXTON; · MRS. LELLA HAITHCOCK STROUD AND HUSBAND, J. H. STROUD; MRS. SADIE HAITHCOCK YOUNG AND HUSBAND, ARLTON YOUNG, RESPONDENTS. .

(Filed 5 June, 1942.)

**1. Partition § 1a—**

Tenants in common in land subject to a life estate are entitled to partition prior to the termination of the life estate, C. S., 3234, but they may not disturb the possession of the life tenant, or sell her interest except by her consent, C. S., 3235, the life tenant not being a tenant in common.

**2. Wills § 31—**

The object in construing a will is to arrive at the intention of testator.

**3. Wills § 33c—**

The law favors the early vesting of estates, and a devise will be held to vest at the death of testator unless the intent to postpone the vesting of the estate clearly and manifestly appears from the will beyond mere inference or construction.

**4. Same—**

A remainder will be held to vest as of the date of the death of the testator and not at the termination of the particular estate if it is subject to no condition precedent except the termination of the particular estate, and words describing the future event will be construed to relate merely to the time of the enjoyment of the remainder and not the time of its vesting.

**5. Same—**

As a general rule, where the remainder is to all persons of a specified class or their next of kin or lawful heirs or representatives, and not merely to specified persons of a class, the remainder vests in the members of the class as of the date of the death of testator.

**6. Same—**

A devise to testator's wife for life "and at her death I want this land to go to my children or their representatives" *is held* to vest the remainder in testator's children or their representatives 'as of the date of testator's death under the general rule, the words "or their representatives" being merely a term of inheritance to guard against a lapse.

**7. Partition § 1a—**

Where a tenant in common in lands subject to a life estate mortgages his interest, the purchaser at the foreclosure sale of the mortgage may maintain a proceeding for partition.

**8. Partition § 1c—**

> In order to support a decree of sale for partition the court must find the facts required by C. S., 3233.

APPEAL by plaintiff from *Parker, J.,* at February Term, 1942, of GRANVILLE. Error and remanded.

Petition for sale for partition.

Peter Haithcock, a resident of Granville County, died testate, seized and possessed of certain land in said county. His will, in part, provides:

"I give and devise to my beloved wife, Mittie F. Haithcock, the tract of land on which I now reside during her natural life and at her death I want this land to go to my children or their representatives, except that part of the land on the northeast side of the road running from the Tarboro Road to Mt. Energy Road, which I give to my step son Henry Harrison, at the death of my wife."

He left surviving his widow, Mittie Haithcock, who later intermarried with W. G. Sanderford, and five children, to wit: Graham Haithcock and the defendants Tiney Haithcock Sadler, Bulah Haithcock Thaxton, Lella Haithcock Stroud, and Sadie H. Young, all of whom are still living.

Graham Haithcock conveyed his interest in the *locus in quo* by trust deed. The trust deed was foreclosed and plaintiff became the purchaser and is now the owner of said undivided interest. Thereafter, plaintiff instituted this proceeding before the clerk for sale for partition. The petition alleges the life interest of Mittie F. Sanderford, which has not yet terminated, but it does not clearly appear whether the plaintiff seeks to sell the fee, including the life estate, or merely the remainder subject thereto.

The clerk concluded that the children of the testator took only a contingent remainder under the will and that the plaintiff is not seized and possessed of such present interest in said land as would entitle him to a sale for partition. He thereupon dismissed the petition.

On appeal to the Superior Court the judge below found the facts and on the facts found he concluded that the interest of Graham Haithcock is contingent upon his surviving the life tenant; that the ultimate takers in the event he fails to survive are not parties to the action; and that:

"The Court is of the opinion that the takers of the remainder are to be determined as of the date of the death of the life tenant, Mrs. Mittie F. Sanderford, formerly Mrs. Peter Haithcock, and the termination of her life estate, and only those *in esse* as of that time are entitled to take, and the Court so adjudges. *Moseley v. Knott,* 212 N. C., 651."

Judgment was thereupon entered decreeing that plaintiff has no vested interest in said land; that such interest will become vested only in the

event Graham Haithcock survives the life tenant; and that the petition be denied with leave to plaintiff to renew its motion in the event said Graham Haithcock shall survive the life tenant. Plaintiff excepted and appealed.

*D. P. McDuffie for petitioner, appellant.*
*No counsel for respondents, appellees.*

BARNHILL, J. This appeal presents for decision two questions: (1) Is one of several tenants in common of real property which is subject to an outstanding life estate entitled to have a sale thereof for partition prior to the expiration of the life estate; and (2) are the children of the testator seized of a vested or a contingent remainder?

The first question is answered by statute. For the purpose of partition the tenants in common of a vested remainder are deemed to be seized and possessed thereof as if no life estate existed and the existence of the life estate is no bar to a proceedings for sale for partition. C. S., 3234. *Gillespie v. Allison,* 115 N. C., 542. See also *Baggett v. Jackson,* 160 N. C., 26, 76 S. E., 86. However, this shall not interfere with the possession of the life tenant during the existence of her estate. She is not a tenant in common with the plaintiff. While she may waive her rights and consent to the sale of her estate, C. S., 3235; *Sides v. Sides,* 178 N. C., 554, 101 S. E., 100, this may not be done, against her will, in a partition proceeding. *Ray v. Poole,* 187 N. C., 749, 123 S. E., 5.

In the construction of a will the object is to arrive at the intention of the testator and it is the policy of the law that a devise should take effect at the earliest possible moment that the language will permit. *McDonald v. Howe,* 178 N. C., 257, 100 S. E., 427. The law favors the early vesting of estates—it hastens the time when the ulterior limitation takes on a transmittible quality. Hence, the inclination is to construe legacies, and especially provisions for children, to be vested and transmittible if the will possibly admits of it; and they are most reluctantly held to be contingent. *Gill v. Weaver,* 21 N. C., 41.

The intent to postpone the vesting of the estate must be clear and manifest and not arise by mere inference or construction. 23 R. C. L., 524.

The remainder is vested, when, throughout its continuance, the remainderman and his heirs have the right to the immediate possession whenever and however the preceding estate is determined; or, in other words, a remainder is vested if, so long as-it lasts, the only obstacle to the right of immediate possession by the remainderman is the existence of the preceding estate; or, again, a remainder is vested if it is subject to no condition precedent save the determination of the preceding estate. 23

R. C. L., 504. It is a fixed interest, to take effect in possession after a particular estate is spent. 23 R. C. L., 498; *Power Co. v. Haywood,* 186 N. C., 313, 119 S. E., 500.

Remainders will be deemed to vest at the death of the testator, when the will becomes operative, unless some later time for the vesting, as the termination of the particular estate or the time of the payment or distribution, is clearly expressed by the words of the will, or is necessarily implied therefrom; such is presumed to be the testator's intention unless the contrary appears. 23 R. C. L., 525.

Words of futurity, apparently importing a contingency, are often construed as contemplating a present devise of a remainder with right of enjoyment only after the future event. Where a particular estate is created by will, with a remainder over upon the happening of an event, the words descriptive of the event are construed as referring merely to the period when the enjoyment of the prior estate determines, and not as designed, in the absence of express words or a manifest intent to that effect, to postpone the vesting of the remainder over. Adverbs of time such as "when," "thereafter," "then," "after" and the like, and adverbial terms of time such as "at the death of" and "upon the death of" the life tenant in a devise of a remainder are construed to relate merely to the time of the enjoyment of the estate, and not to the time of the vesting in interest. They do not create a contingency, but merely denote the commencement of the remainder in point of enjoyment. *Rives v. Frizzle,* 43 N. C., 237; *Dixon v. Pender,* 188 N. C., 792, 125 S. E., 623; *Witty v. Witty,* 184 N. C., 375, 114 S. E., 482; *Power Co. v. Haywood, supra; Devane v. Larkins,* 56 N. C., 377; *Elwood v. Plummer,* 78 N. C., 392; *Harris v. Russell,* 124 N. C., 547, 23 R. C. L., 526-27. See also Anno. L. R. A., 1918-E, 1098.

It is the general rule that, where the remainder is to all persons of a specified class or to their next of kin or lawful heirs or representatives, and not merely to specified persons of a class, they take a vested remainder. *Yarn Co. v. Dewstoe,* 192 N. C., 121, 133 S. E., 407; *Dixon v. Pender, supra; Jones v. Oliver,* 38 N. C., 369; *Jenkins v. Lambeth,* 172 N. C., 466, 90 S. E., 513; *Baugham v. Trust Co.,* 181 N. C., 406, 107 S. E., 431, 23 R. C. L., 523; 40 Cyc., 1481; and to ascertain who takes the roll must be called as of the effective date of the will—the date of the death of the testator. *Taylor v. Taylor,* 174 N. C., 537, 94 S. E., 7; *Dixon v. Pender, supra; Yarn Co. v. Dewstoe, supra; Gurley v. Wiggs,* 192 N. C., 726, 135 S. E., 858.

Here the devise is to the testator's children as a class and not to any particular group or limited number thereof. There is no language used which indicates an intention that the devise is to become effective at any

time other than the effective date of the will. The only circumstance which prevents the immediate enjoyment of the estate is the existence of the life estate.

The term "or their representatives" is a term of inheritance synonymous with "heirs" which guards against any lapse of legacy, 23 R. C. L., 538-39, and gives assurance that either the children or those who represent them shall have the enjoyment of the estate devised. It creates neither a contingency nor a limitation over, but denotes the inheritable quality of the estate in remainder. Hence, Graham Haithcock, at the death of the testator, became seized of a one-fifth interest in remainder in the *locus in quo*. It is so admitted in the answer. This interest passed to plaintiff under the foreclosure deed and is a sufficient interest to support the proceedings and entitle plaintiff to the relief prayed.

The court below, in rendering its decision, relied upon *Moseley v. Knott, supra.* That case is distinguishable. There the devise was to two daughters or the survivor for life with the remainder to the issue of both or either, but on failure of such issue at the death of the survivor of the two, to her "own lawful heirs." Neither life tenant left issue surviving. Clearly the interest of claimants was contingent and could not vest before the death of the life tenants, for not until then could it be determined that they would leave no issue surviving.

Before a decree of sale may be entered certain facts must be found. C. S., 3233; *Ledbetter v. Pinner,* 120 N. C., 455, 27 S. E., 123; *Vanderbilt v. Roberts,* 162 N. C., 273, 78 S. E., 156. Hence, the judgment entered must be vacated and the cause remanded for further proceeding.

Error and remanded.